This action was founded on the following correspondence:
"LaGrange, N.C. July 13. "Sears, Roebuck Company, "Chicago, Ill.
"J. E. Warters deposited $3,418.45 to pay for material when inspected and found satisfactory ship out lumber at once.
"Rouse Banking Company."
"July 27.
"Rouse Banking Company, LaGrange, N.C.
"Gentlemen: —
"We have your telegram advising that J. E. Martins (Waters) deposited $3,418.45 with your bank to pay for material when inspected and found satisfactory.
"We are entering the order for shipment to go forward as promptly as possible. To complete the transaction and in line with our regular order, we desire the attached form properly signed, and for your convenience in returning are enclosing a stamped envelope.
"We appreciate your cooperation in connection with this deal and take this opportunity to thank you. Yours truly, Enc.
"Sears, Roebuck Company."
 "Sears, Roebuck Company "Chicago."
"In reply to this letter address department —
"Date — July 30, 1920." "Sears, Roebuck and Company, "(Credit Department), "Chicago, Ill.
"Gentlemen: —
"J. E. Warters, Box 112, LaGrange, N.C. has deposited with us the sum of $3,418.45, which has been set aside in a special fund subject to your order, same to be paid to you on delivery of the building material ordered, with the understanding that the goods are to conform with your specifications and meet with this depositor's approval. The material is to be inspected immediately on receipt and, if satisfactory, accepted by depositor, who will then notify us to send you the money.
"It is understood, however, that no responsibility in connection with any of the foregoing matters is to attach to this bank or any of its officers.
Yours truly,
 "Rouse Banking Company (Bank). "By J. P. JOYNER, Assistant Cashier, "LaGrange, N.C." *Page 502 
"February 1, 1921. "Rouse Banking Company, "LaGrange, N.C.
"Gentlemen: —
"Attention Mr. J. P. Joyner, Assistant Cashier.
"Referring to the building material account of Mr. J. E. Martins, (Warters), which is open under our number CR-805641, for which Mr. Martins (Warters) deposited $3,418.45, with you to pay the account, we wish to advise that as we have complied with our part of the agreement, the above amount should be forwarded to us without delay.
"It is important that this matter should have your prompt attention and we will look for a check for the above amount in payment of the account very shortly.
Yours truly,
"Sears, Roebuck Company."
The assets of Rouse Banking Company, were taken over by the National Bank of LaGrange, and it has been made a party to the action. It had notice of plaintiff's claim, and plaintiff contended it was liable and had assumed "liability and responsibility for the payment of the claims." This was denied by defendants.
"The defendant, Rouse Banking Company, (1) denied the authority of the assistant cashier, and contended that the transaction was ultra vires; (2) There had been no compliance on plaintiff's part "in respect to conforming to specifications, meeting the consignee's approval, nor with the inspection provided for not advised as to acceptance by the consignee nor any notification in respect to sending the money as set forth." (3) "It is understood, however, that no responsibility in connection with any of the foregoing matters is to attach to this bank or any of its officers," and this defendant is advised, informed and believes, and upon information and belief alleges, that the defendant assumed no responsibility in respect to the payment of said funds; and this defendant is further advised, informed and believes, and upon information and belief alleges, that if the said writing had been authorized by this defendant, the defendant realleging that it was not authorized, that nevertheless the plaintiff was guilty of such laches and negligence in respect thereto that this defendant would be relieved and absolved from liability in the premises."
The issues submitted to the jury and their answers thereto were as follows:
"1. Did J. E. Warters deposit with the Rouse Banking Company $3,418.45 to be set apart subject to the order of the plaintiff to be paid to the plaintiff on delivery of the building material ordered when such material was received and accepted by said Warters? Answer: Yes. *Page 503 
"2. Did the plaintiff, Sears, Roebuck Company, ship to and did J. E. Warters receive and accept the lumber and material ordered by Warters from the plaintiff as alleged in the complaint? Answer: Yes.
"3. What amount, if any, was J. E. Warters required to pay out as freight which the plaintiff had contracted to pay? Answer: $105.99.
"4. Has the defendant, Rouse Banking Company, failed and refused to pay over said funds to the plaintiff as alleged? Answer: Yes.
"5. Is the defendant, National Bank of LaGrange, liable upon said account? Answer: Yes."
Numerous exceptions and assignments of error were made in the court below. The material ones and necessary facts will be considered in the opinion.
The whole controversy hinges on the letter of the assistant cashier of defendant, Rouse Banking Company, to plaintiff Sears, Roebuck Company. Analyse the letter: (1) J. E. Warters, Box 112, LaGrange, N.C. has deposited with us the sum of $3,418.45, which has been set aside in aspecial fund subject to your order; (2) same to be paid to you on delivery
of the building material ordered, with the understanding that the goods are to conform to your specifications and meet with this depositor's approval;
(3) The material is to be inspected immediately on receipt and if satisfactory accepted by depositor, who will then notify us to send you the money. (4) It is understood, however, that no responsibility in connection with any of the foregoing matters is to attach to this bank or any of its officers.
The above letter was dated 30 July, 1920, and demand was made by plaintiff on 1 February, 1921. It is admitted by the Rouse Banking Company, "that at the time of sending the letter above referred to, that the said Warters had the amount in bank, but that it was never advised that the material had been inspected, found satisfactory or inspected by Warters, and that it had never been notified by Warters to remit the money to the plaintiff, and that when demand was made, on 1 February, 1921, by the plaintiff upon the bank for payment, Warters had withdrawn all his moneys from the bank and had no money on deposit."
The first ground of defense by defendant: "It is understood, however, that no responsibility in connection with any of the foregoing matters is to attach to this bank or any of its officers." This ground is untenable, the bank never carried out its agreement. The representation by the bank to plaintiff was that it had a deposit set aside in a special *Page 504 fund subject to plaintiff's order. In this respect it broke its agreement and allowed J. E. Warters to withdraw this special fund. No responsibility would attach to the bank or any of its officers if it had kept its agreement and the special fund remained in bank. The defendant bank cannot take advantage of its own wrong. Nullus commodum capere potest de injuriasua propria. No one can obtain an advantage by his own wrong. Co. Litt., 148; Broom Max., 279; Black's Law Dic. (2 ed.), 837.
The defendant, Rouse Banking Company, further contends that there was no evidence that the material upon receipt was inspected and found satisfactory by the consignee, and excepted and assigned as error the following excerpts from the charge of the court below: "Gentlemen of the jury, if you should find from this evidence, that Warters deposited with the Rouse Banking Company, already having money there, instructed them to set it apart and hold the same to the use of the order of Sears, Roebuck 
Company, to be paid to Sears, Roebuck Company, when they had complied with the order that he had made to them for certain lumber, and when the same had been received and approved by him, and that they so received the deposit and so advised the plaintiff company and that they had the money, then they had no right to return that money to Warters without the consent of Sears, Roebuck Company, any more than they had the right to pay it to Sears, Roebuck Company, until it had complied with that order, and delivered the merchandise with the approval of Warters, who ordered the same. It was their duty to hold it after they so received it in accordance with that agreement, if they did so receive it, and the plaintiff has complied with their part of the contract by delivering the material, and same has been received and approved by Warters, then it is their duty to turn the money over to the plaintiff, as they contracted to do, that is, they held it subject to the order and subject to the disposition of the plaintiff company irrespective of anything that may have been said in the letter that they sent to the plaintiff."
Without repeating, we think there was abundant evidence, direct and circumstantial, to support this charge which went to the heart of the controversy and under the facts of this case a correct charge of the law.
In the case of Mason v. Wilson, 84 N.C. p. 51, one Green owed a note of $80.00 to plaintiff Mason. Green left the State, but before going left his property in the hands of Wilson, the defendant. The plaintiff testified, and it was so found by the jury, that Green told her "that he had left all of his property in the hands of the defendant Wilson, out of which her debt would be paid, as he had given Wilson instructions to that effect. To which Wilson replied that he had the property and that as soon as he could sell it, he would pay her debt. That the *Page 505 
defendant had since sold the property and that she had after such sale demanded payment which the defendant refused." The court below charged the jury: "That if they believed that the defendant Wilson received the property from the defendant Green promising to pay the plaintiff's debt out of the proceeds, and had thereafter verbally promised plaintiff to pay her debt in the manner described by her, and afterwards refused to do so, that plaintiff was entitled to their verdict." Ashe, J., sustained the charge in the case. In the case the liability was attacked solely on the statute of frauds. This case has been approved many times and recently in MercantileCo. v. Bryant, 186 N.C. p. 551.
It is contended by defendant, Rouse Banking Company, that it had no authority to make the promise, and the agreement was ultra vires, and cites the case of Quarries Co. v. Bank, 190 N.C. p. 277. In the QuarriesCompany case, the principle laid down "a banking corporation cannot lend its credit to another by becoming surety, endorser or guarantor for him. 3 R. C. L., 425." In that case it was a bare, naked promise and the bank had no fund in its possession, as in the present case, upon which the promise was made.
The principle laid down in 3 R. C. L., part sec. 437, is as follows: "Officers of a bank are but its agents, and like other agents can bind the bank only when acting within the scope of their authority, but when a bank opens its doors for business with the public, and places officers incharge, persons dealing with them in good faith, and without any notice ofany want of authority, will be protected where an act is performed in anapparent scope of the officer's authority, whether the officer was actuallyclothed with such authority or not. (Italics ours.) Officers of banks are held out to the public as having authority to act according to the general usage, practice and course of business of such institutions, and their acts, within the scope of such usage, practice and course of business, bind the bank in favor of third persons having no knowledge of a limitation on their authority, and it is immaterial what the person's official position may be if he is actually engaged in the management of the bank's interests." Bobbitt Co. v. Land Co., ante, p. 323.
The introduction of portions of the answer comes within the rule laid down in Jones v. R. R., 176 N.C. 268, where it is held: "It is the settled rule of procedure in this jurisdiction that a party may offer in evidence a portion of his adversary's pleadings containing an allegation or admission of a distinct and separate fact relevant to the inquiry and without introducing qualifying or explanatory matter, the rule being further to the effect that in such case it is open to the opposing party to introduce such qualifying matter if he so desires. Wade v. Contracting Co.,149 N.C. 177; Sawyer v. R. R., 145 N.C. 24; *Page 506 Lewis v. R. R., 132 N.C. 382." Weston v. Typewriter Co., 183 N.C. p. 2;Construction Co. v. R. R., 185 N.C. 46.
The defendants' counsel argued to the jury that the case of Quarries Co.v. Bank, supra, was authoritative and complains that the court below instructed the jury that it was good law and the law of North Carolina, but not the law as applicable to the facts in the present case. That the jury should disregard anything said by counsel as to that being the law of the case at bar and they should be guided by what the court said is the law in the case. Counsel have a right to argue the law and facts to the jury, but it is incumbent on the court below to charge the law in the particular case applicable to the facts, and it is incumbent on the jury to follow the law as laid down by the court and not by counsel. Any other rule would make the jury both construe the law and decide the facts. Such is not the statute. "In jury trials the whole case as well of law as of facts may be argued to the jury." Latter part C.S., 203. The Quarries case, supra, was not applicable to the facts in the present case. The court below was correct in its charge.
The alleged contract of assumption by National Bank of LaGrange of outstanding contracts and obligations of Rouse Banking Company, under the disputed facts was left to the jury. We think the charge correct. Defendants' objection cannot be sustained. We think the plaintiff was entitled to interest.
In Chatham v. Realty Co., 174 N.C. 674, it is held: "In an action on contract, when the jury finds the principal sum due thereon, which in this case was $10,000 (or nothing), said sum bears interest as a matter of law, and the court should give interest from the date of the contract, or from the time at which it was due under the contract. Bond v. Cotton Mills,166 N.C. 20. But when the action is in tort, the jury can allow interest or not, as it sees fit, and, therefore, when the jury does not assess interest the verdict and judgment bear interest only from the first day of the term at which the judgment is rendered. Harper v. R. R., 161 N.C. 451; Hoke v.Whisnant, at this term." C.S., 2309; Cook v. Mfg. Co., 182 N.C. 205;Perry v. Norton, 182 N.C. 589; Bell v. Danzer, 187 N.C. 224.
We have considered the material assignments of error, the others present no novel or new proposition of law. On the entire record we think the case properly tried in accordance with law. Individuals must perform their contracts — so must corporations. Two corporations are contesting over a written contract easily understood. The bank, by its letter to plaintiff, distinctly informed it that it had a special fund put there for the purpose of paying for building material to be shipped by plaintiff to the party who had ordered the material and deposited the *Page 507 
fund. Plaintiff, relying on this letter, shipped the material and the finding of the jury, from competent evidence, was that the conditions of the contract were complied with by plaintiff. Defendant banking company, pleads lack of authority and ultra vires. It had the money in its bank for the purpose of paying for the building material. It allowed this special fund to be withdrawn contrary to its contract, and it cannot now set up the plea of lack of authority and ultra vires. No fraud or mutual mistake is alleged or shown. Such a plea, under the facts here, would destroy business confidence and the integrity of contracts. We find
No error.