ZELL BROWN v. F. E. VESTAL AND WIFE, DAISY VESTAL.

(Filed 2 November, 1949.)

**1. Trial § 7—**

Counsel have the right to argue the law to the jury as well as the facts. G.S. 84-14.

**2. Trial § 31b—**

It is the duty of the court to explain the law and apply it to the testimony in the case. G.S. 1-180.

**3. Same—**

An instruction that the jury should be guided by the law as argued by counsel if not inconsistent with the rules of law laid down by the court, but to follow the instructions given by the court if argument of counsel was inconsistent therewith, must be held for reversible error.

**4. Trusts § 4c—**

In this action to impress a trust on title to realty upon allegations that at the time defendants purchased the property and took title, it was agreed that they hold it for the benefit of plaintiff and defendants, demurrer *held* properly overruled.

APPEAL by defendants from *Edmundson, Special Judge,* March Term, 1949, RANDOLPH. New trial.

Civil action to impress a trust on defendants' title to real property.

The male defendant purchased a parcel of land in Asheboro, N. C., for the sum of $60,000. Plaintiff alleges, and offered evidence tending to show, that prior to the purchase he and defendant agreed that they would purchase the tract jointly, that Vestal would proceed with the negotiations with the owner, acquire the premises, and take title thereto in his name for the use and benefit of himself and plaintiff.

Defendants admit that Vestal agreed to purchase the premises, retain therefrom a lot 300 by 300 for his own use, and "let the plaintiff in on the balance." They allege, however, that the seller's price was so high they abandoned the agreement and then at a later date Vestal purchased for his own benefit. They offered evidence in support of this and other matters pleaded in defense.

There was a verdict for plaintiff. From judgment thereon the defendants appeal.

*J. A. Spence and Ferree & Gavin for plaintiff appellee.*
*H. M. Robins for defendant appellants.*

BARNHILL, J. The court in its charge instructed the jury in part as follows:

"Now, Gentlemen of the Jury, counsel in this case for both the plaintiff and the defendant have argued to you at some length not only the evidence and facts, as was their duty so to do, but from various opinions of the Supreme Court touching the questions arising in the trial of this case. If those questions of law so argued by counsel are not inconsistent with what I have laid down as a rule of law, you should be guided by them, and

if they are inconsistent, you are to disabuse your minds of them and follow the instructions laid down by the Court."

This must be held for error.

Counsel have the right to argue "the whole case as well of law as of fact." G.S. 84-14; *Howard v. Telegraph Co.,* 170 N.C. 495, 87 S.E. 313. Frequently it is necessary for them to do so in order to present, in an intelligent manner, the facts they contend the jury should find from the evidence offered. *Sears, Roebuck & Co. v. Banking Co.,* 191 N.C. 500, 132 S.E. 468.

Even so, it is the duty of the court in its charge to explain and apply the law to the various aspects of the testimony and the jury, in arriving at a verdict, must follow the law as thus stated to them. *S. v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751; *Sears, Roebuck & Co. v. Banking Co., supra; Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630.

The court ought not to submit his charge to the jury for elimination of inconsistencies. *S. v. Jackson,* 228 N.C. 656, 46 S.E. 2d 858. *A fortiori,* the jury should not be required to compare the charge of the court on the law of the case with the statements of the law by counsel, pick and choose between the consistent and inconsistent, eliminate the inconsistent, and then decide the case under the law as applied by the court and such other law as may have been argued by counsel and deemed consistent with the charge of the court.

Not infrequently lawyers and judges find it difficult to transplant the law as limited by the facts in a case and apply it correctly to another state of facts. *Light Co. v. Moss,* 220 N.C. 200, 17 S.E. 2d 10. To require this of a jury places upon them too heavy a burden and runs counter to our system of trial by jury.

That counsel are permitted to argue the legal aspects of the case serves to emphasize the necessity of compliance with the provisions of G.S. 1-180. When counsel avail themselves of this right the court should explain and apply the law so as to remove any doubt in respect thereto which may have been engendered by conflicting statements of counsel. The duty to set at rest any question as to the law of the case rests upon the judge and not the jury.

The order of the court overruling the demurrer may not be held for error. The defendants seek to dismiss the action on the basis of an agreement the existence of which they positively deny in their pleadings and in their testimony. In any event the cause assigned is not sufficient to bar plaintiff from proceeding in equity.

For the error in the charge there must be a

New trial.