STATE v. ISAAC TAFT.

(Filed 28 February, 1962.)

**1. Arrest and Bail § 6—**

A law enforcement officer appointed by a county board of alcoholic control, while acting in the county in the discharge of his duties, is a "public officer" within the meaning of G.S. 14-223, and when such officer attempts to arrest a person whom the officer sees in the process of illegally manufacturing liquor, the fact that such officer's superior turns over the prosecution for violation of the liquor laws to the Federal Courts does not constitute such officer a voluntary agent of the Federal Govern-

ment so as to preclude the prosecution of such person under the statute for resisting such officer's attempt to arrest him.

**2. Arrest and Bail § 3—**

An A.B.C. law enforcement officer who sees a person aiding in the illegal manufacture of intoxicating liquor may arrest such person without a warrant, G.S. 15-41, since such A.B.C. officer, while acting within his county has the same powers and duties as are vested in the sheriff of the county. G.S. 18-22, G.S. 18-45(o).

**3. Criminal Law § 9—**

Where two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty without regard to any previous confederation or design.

**4. Intoxicating Liquor § 4—**

The first offense of unlawfully manufacturing whiskey in this State is a misdemeanor and the second or subsequent offense of unlawfully manufacturing whiskey is a felony. G.S. 18-28.

**5. Criminal Law § 161—**

An exception to the charge will not be sustained when the charge considered in its entirety is free from prejudicial error.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Bone, J.,* August 1961 Mixed Term of PITT.

Defendant was tried and convicted in the recorder's court for Pitt County on two warrants: One, charging that defendant on 24 May 1961 did willfully and unlawfully resist, delay, and obstruct W. M. Taylor, a duly authorized A. B. C. officer, while in the discharge of his official duties, and while he was on duty and was attempting to arrest defendant for manufacturing whiskey, by kicking and biting said officer, and attempting to snatch away from him, a violation of G.S. 14-223. Two, charging defendant on the same date with assaulting the same officer with his hands, feet and mouth, a violation of G.S. 14-33. From a sentence of imprisonment defendant appealed to the superior court, where, upon his plea of not guilty, he was tried *de novo* by a judge and jury.

Without objection by defendant the two cases were consolidated for trial in the superior court. The jury convicted the defendant in both cases. In the case of resisting an officer he was sentenced to twelve months imprisonment. In the case of an assault on the officer he was sentenced to thirty days imprisonment; this sentence to run concurrently with the sentence imposed in the case of resisting an officer. From the judgments of imprisonment, defendant appeals.

*T. W. Bruton, Attorney General for the State.*
*Richard Powell and Samuel S. Mitchell for the defendant.*

PARKER, J.   The State's evidence is as follows: On 24 May 1961 W. M. Taylor, H. B. Lilly and James M. Ward were Alcoholic Beverage Control officers of Pitt County. James M. Ward was the chief A. B. C. officer of the county. Prior to that date they had located on the Forbes farm in Falkland Township, Pitt County, a still for the unlawful manufacture of whiskey, which was not in operation and no person was there. These three A. B. C. officers returned there on the morning of 24 May 1961. They left their automobile some distance from the site, and crawled to within 25 or 30 yards of the still. It was a 500-gallon still. 7,500 gallons of mash were there, which mash is designed and used in the still for the manufacture of whiskey. The still was in operation unlawfully manufacturing whiskey, and about 50 to 60 gallons of whiskey had been unlawfully run. Two men were at the still working. One was the defendant Taft, who was operating a force pump to put water in the mash, a necessary part of the distilling of the whiskey from the mash. The other man working at the still was not identified, and escaped.

After watching a short time, the officers got up, and ran to the still. When Taylor neared the still, he called to defendant, whom he had known before and who knew him, that he was under arrest. Taylor had on a green uniform. Defendant stood up, faced Taylor as if surprised and started running. Taylor ran after him about 50 steps, and caught him in the back of his belt. Defendant began tussling. Taylor would throw him on the ground, and he would get up. In the struggle defendant bit Taylor's right arm with his teeth, and kicked him on the shin with his feet, so that the flesh was rolled down from the bone. When Taylor was bitten by defendant, he turned him loose and he got away. When officer Lilly reached Taylor, Taylor got up on his knees, completely exhausted and vomiting. During the struggle Taylor told defendant once or twice, "Isaac, you just as well hold it; you're under arrest." The chief A. B. C. officer James M. Ward turned the case against defendant for unlawfully manufacturing whiskey over to the federal court.

Defendant's evidence tended to shown an alibi.

Defendant assigns as error the denial by the trial court of his motion for a directed verdict in each case and for a dismissal of both cases, made at the close of the State's case, and renewed at the close of all the evidence.

Pitt County operates liquor stores under our Alcoholic Beverage Control Act, G.S. 18-36 *et seq.* G.S. 18-41 provides for county boards

of alcoholic control. G.S. 18-45(o) empowered the Pitt County board of alcoholic control to appoint law enforcement officers, and provides: "The persons so appointed shall, after taking the oath prescribed by law for the peace officers, have the same powers and authorities within their respective counties as other peace officers." It further provides: "Any law enforcement officer appointed by such county boards and any other peace officer is hereby authorized, upon request of the sheriff or other lawful officer in any other county, to go into such other county and assist in suppressing a violation of the prohibition law therein, and while so acting shall have such powers as a peace officer as are granted to him in his own county and be entitled to all the protection provided for said officer while acting in his own county." See *Langley v. Taylor,* 245 N.C. 59, 95 S.E. 2d 115. Manifestly, W. M. Taylor on 24 May 1961 was "a public officer" within the intent and meaning of G.S. 14-223 performing the duties for which he was employed by the Pitt County board of alcoholic control, and entitled to the protection of that statute. Defendant's contention that W. M. Taylor at the time was not "a public officer" within the meaning of G.S. 14-223, but a voluntary agent for the federal government, because Taylor's chief, James M. Ward, turned the charge against defendant of unlawfully manufacturing whiskey over to the federal court, is without merit.

G.S. 18-23 reads: "It is the duty of the sheriff and other officers mentioned in § 18-22 to seize and then and there destroy any and all liquor which may be found at any distillery for the manufacture of intoxicating liquor in violation of law, and to arrest and hold for trial all persons found on the premises engaged in distilling or aiding or abetting in the manufacture or sale of intoxicating liquor."

The officers mentioned in G.S. 18-22 are the sheriff of each county in the State and the police of each incorporated town or city in the State. G.S. 18-45(o) vests A. B. C. officers, while acting within their respective counties, with the same powers and duties as are vested in the sheriff of each county in the State and in the police of each incorporated town or city in the State by virtue of G.S. 18-22 and G.S. 18-23, and also with the same duties and powers, while acting in any other county of the State, under the circumstances specifically set forth in G.S. 18-45(o).

G.S. 15-41 provides: "A peace officer may without a warrant arrest a person: (a) When the person to be arrested has committed a felony or misdemeanor in the presence of the officer, or when the officer has reasonable ground to believe that the person to be arrested has committed a felony or misdemeanor in his presence."

G.S. 18-28 makes the first offense of unlawfully manufacturing

whiskey in this State a misdemeanor, and the second or subsequent offense of unlawfully manufacturing whiskey a felony.

The State's evidence shows that W. M. Taylor, an A. B. C. officer of Pitt County, saw defendant and another man in Pitt County at a still unlawfully engaged in the manufacture of whiskey. It is thoroughly established law in this State that, without regard to any previous confederation or design, when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. *S. v. Kelly*, 243 N.C. 177, 90 S.E. 2d 241. Under those circumstances, if believed by the jury beyond a reasonable doubt, Taylor had a lawful right to arrest defendant there without a warrant. G.S. 18-22, 18-23, 18-45(o), and 15-41. The evidence was amply sufficient to carry the case to the jury on both cases. The trial court properly denied defendant's motion for a directed verdict in each case and for a dismissal of both cases.

Defendant has no exceptions to the evidence. Defendant has several assignments of error to the charge, which are overruled. A careful reading of the charge in its entirety shows that the charge is free from prejudicial error, that the law applicable to the facts in evidence was fairly and accurately stated to the jury. No new question is presented by the assignments of error to the charge, which needs or merits discussion.

In the trial below we find
No error.

WINBORNE, C.J., not sitting.