BOARD OF TRANSPORTATION, SUBSTITUTE PLAINTIFF v. HUBERT C. WILDER AND WIFE, JEANETTE P. WILDER, DEFENDANTS

No. 759SC654

(Filed 17 December 1975)

1. Trial § 10— remarks by court to defendants' counsel — discrediting counsel — error

Two sharp remarks by the trial court to defendants' counsel, together with unjustified remarks which amounted to a threat to find defendants' counsel in contempt of court, tended to discredit defendants' counsel, and hence their cause, in the eyes of the jury. G.S. 1A-1, Rule 51(a).

2. Rules of Civil Procedure § 51; Trial § 36— jury instructions — defense counsel's argument discredited — error

The trial court discredited the argument of defendants' counsel to the jury when the court instructed the jury, "Lawyers are permitted to argue to you what they believe the evidence means, but they don't testify. They don't themselves know anything about the matter. They are representing clients."

3. Rules of Civil Procedure § 51; Trial § 36— jury instructions — expression of opinion

In an action to condemn and appropriate for public highway purposes certain lands belonging to defendants, the trial court improperly expressed an opinion when he instructed the jury concerning imaginative or speculative value.

APPEAL by defendants from *Bailey, Judge.* Judgment entered 3 March 1975 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 17 November 1975.

Plaintiff, or its predecessor, instituted this action to condemn and appropriate for public highway purposes certain lands belonging to defendants. The only issue at trial related to the value of the property taken, and the evidence tended to show:

On the date of taking, 4 October 1971, defendants owned approximately 449 acres of land situated on both sides of N. C. Highway No. 56, some 12 miles east of Louisburg, N. C. Defendants resided in a house on their land and near their home a rural paved road intersected the western side of Highway 56. In 1968, defendants acquired a small tract of land located in the southwest intersection of the two roads on which tract was situate a store building. The taking by plaintiff consisted of increasing the right-of-way of Highway 56 from 60 feet to 120 feet—an additional 30 feet on each side of the original right-of-way. This resulted in defendants' losing approximately five acres of land upon which were five or six tobacco barns and other buildings, a considerable amount of fencing, and numerous decorative trees and shrubs. The taking also resulted in substantial reduction of access from the public roads to the store building.

Plaintiff presented evidence tending to show that defendants' damage was not more than $11,000. Defendants presented evidence tending to show that their damage was between $37,797 and $100,000.

The jury returned a verdict of $15,000 and from judgment predicated on the verdict, defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Charles M. Davis and Hill Yarborough for defendant appellants.*

BRITT, Judge.

[1]  First, defendants contend that the trial judge committed prejudicial error in various remarks which he directed to their counsel in the presence of the jury. The contention has merit.

The remarks complained of were made during the course of Defense Attorney Yarborough's cross-examination of plaintiff's witness Willard King. The first of these was the directive for counsel to "quit interrupting him and let him answer your question." Shortly thereafter the court admonished counsel: "Let's don't go speculating and don't argue with me either." Two pages later, the record reveals the following:

Q. They were nice looking ornamental cedar trees in addition to being fence post trees?

MR. BRILEY: OBJECTION to the technology of that question.

THE COURT: SUSTAINED.

The defendants Except.

EXCEPTION NO. 7.

MR. YARBOROUGH: I think (thought) it was cross examination. Didn't they have some ornamental value?

THE COURT: About two remarks like that, you are going to have more trouble than you have in your life.

EXCEPTION NO. 8.

MR. YARBOROUGH: I don't remember what I said. If I'm wrong, I apologize.

THE COURT: You think it over and don't say it again.

EXCEPTION NO. 9.

Appropriate at this point is the following statement by Justice Huskins in *State v. Frazier,* 278 N.C. 458, 460, 180 S.E. 2d 128, 130 (1971) : "At the outset we are faced with the fact that oftentimes the printed word does not capture the emphasis and the nuances that may be conveyed by tone of voice, inflection, or facial expression. . . . Hence we can only read the record and adjudge by reason and deduction whether the remarks assigned as error were so disparaging in their effect that they could reasonably be said to have prejudiced the defendant." (Citations.)

While written in a criminal case, we think the following from Justice (now Chief Justice) Sharp's opinion in *State v.*

*Lynch*, 279 N.C. 1, 10, 181 S.E. 2d 561, 567 (1971), is pertinent to this appeal:

> In this day of congested criminal dockets and over-crowded calendars, a lawyer's objections and exceptions frequently harass the judge. However, it is a lawyer's duty to represent his client. *State v. Mansell*, 192 N.C. 20, 133 S.E. 190. In doing so he is required "to present everything admissible that favors his client and to scrutinize by cross-examination everything unfavorable. The inevitable result is that the lawyer usually feels that he is unfairly prodded by the judge, while the judge feels the lawyer obstinately drags his feet." Annot., 62 A.L.R. 2d 166, 237 (1958). This conflict tests the mettle of both as officers of the court. The trial judge, who occupies "an exalted position," must abstain from conduct or language which tends to discredit the defendant or his cause in the eyes of the jury. *State v. Carter, supra; Withers v. Lane*, 144 N.C. 184, 56 S.E. 855. An attorney must, upon all occasions, manifest "a marked respect for the court in which he practices, and for the judge thereof. . . . In return, he is entitled to similar treatment from the trial judge, and most certainly to the extent that the interest of his clients will not be prejudiced." *Dennison v. State*, 17 Ala. App. 674, 676, 88 So. 211, 213.

The effect of the above quoted remarks by the trial judge was to threaten to find defendants' counsel in contempt of court. From the record before us, we are unable to determine that the threat was justified. Closely following as it did two other sharp remarks by the court to defendants' counsel, we think the statements tended to discredit defendants' counsel, and hence their cause, in the eyes of the jury in violation of G.S. 1A-1, Rule 51(a).

Defendants contend the court committed numerous errors in its instructions to the jury. We will discuss only two of those challenged.

[2] With respect to consideration of the evidence, the court's instructions included the following:

> "While I am on the subject, Ladies and gentlemen, the law of this State requires that you decide this case on the basis of the evidence; argument of counsel is not evidence. (Lawyers are permitted to argue to you what they believe the evidence means, but they don't testify.

They don't themselves know anything about the matter. They are representing clients.)"

Defendants except to the portion indicated by parenthesis.

Defendants contend that the quoted instruction had the effect of discrediting their counsel's argument to the jury. In view of the sharp exchanges between the court and defendants' counsel during the presentation of evidence, we think the contention has merit. It is a basic right of a litigant to have his counsel argue his case to the jury on questions of law and of fact. G.S. 84-14; *Brown v. Vestal,* 231 N.C. 56, 55 S.E. 2d 797 (1949). "Frequently it is necessary for them to do so in order to present, in an intelligent manner, the facts they contend the jury should find from the evidence offered." *Brown v. Vestal, supra,* at p. 58, 55 S.E. 2d at 798; *Sears, Roebuck and Company v. Banking Company,* 191 N.C. 500, 132 S.E. 468 (1926). While it is true that usually lawyers do not testify in cases in which they appear as counsel, it is not accurate to say that "they don't themselves know anything about the matter."

[3]  Defendants assign as error the following instruction:

"Purely imaginative or speculative value should not be considered. It is not for you to guess that Louisburg will grow twelve miles in that direction, and that General Motors will put a major plant on that property. It is purely imaginative and speculative.

"Anyhow, we are going to get that plant in Raleigh."

The court erred in giving this instruction. In the first place, we are unable to find in the record any evidence tending to show that Louisburg is or is not expected to grow to the extent that it will encompass the land in question, or that the property was under consideration as a site for a major industry or that the industry would locate in Raleigh.

In the second place, we think the instruction expressed an opinion by the court. "It is well recognized in this jurisdiction that a litigant has a right by law to have his cause tried before an impartial judge without any expressions from the trial judge which would intimate an opinion by him as to weight, importance or effect of the evidence. . . ." *Kanoy v. Hinshaw,* 273 N.C. 418, 426, 160 S.E. 2d 296, 302 (1968). "The slightest intimation from the judge as to the weight, importance or effect of the evidence has great weight with the jury, and,

therefore, we must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial. . . ." *Upchurch v. Funeral Home*, 263 N.C. 560, 567, 140 S.E. 2d 17, 22 (1965).

We now face the question whether the errors committed by the trial judge were sufficiently prejudicial to defendants to entitle them to a new trial. While any one of the errors might not warrant a new trial, when we consider the combination of them, we think defendants were substantially prejudiced, whereupon, we order a

New trial.

Chief Judge BROCK and Judge MORRIS concur.