LEROY D. McNEILL, JR. v. DURHAM COUNTY ABC BOARD and RONALD D. ALLEN

No. 524PA87

(Filed 2 June 1988)

1. **Trial § 10— trial court's remarks during trial—appearance of antagonism toward defendants**

   In plaintiff's action to recover damages sustained when defendant ABC enforcement officer allegedly assaulted him while trying to search plaintiff's mother's home for illegal intoxicating beverages, the trial court's numerous extraneous remarks, attitude of levity, and deference toward plaintiff and his witnesses gave the appearance of antagonism and therefore prejudiced defendants and denied them a fair and impartial trial.

2. **Appeal and Error § 64— evenly divided court—lower court decision affirmed without precedential value**

   Where one member of the Supreme Court did not take part in this decision, and the other members were equally divided, the decision of the Court of Appeals that governmental immunity attached to the enforcement and in-

---

McNeill v. Durham County ABC Bd.

---

vestigative duties of local ABC boards is left undisturbed and stands without precedential value.

Justice WHICHARD did not participate in the consideration or decision of this case.

Justice MEYER concurring in part and dissenting in part.

Justice MITCHELL joins in this concurring and dissenting opinion.

ON grant of petitions by plaintiff and defendants, pursuant to N.C.G.S. § 7A-31, for discretionary review of a decision of the Court of Appeals, 87 N.C. App. 50, 359 S.E. 2d 500 (1987), finding no error in part and reversing in part the judgment entered by *Bailey, J.,* on 6 December 1984, in Superior Court, DURHAM County. Heard in the Supreme Court 12 April 1988.

*McMillan, Kimzey, Smith & Roten, by Russell W. Roten, Duncan A. McMillan, and Katherine E. Jean, for plaintiff.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr., and E. Elizabeth Lefler, for defendants.*

*Jeff Erick Essen and William G. Simpson, Jr., for North Carolina Civil Liberties Union Legal Foundation, amicus curiae.*

FRYE, Justice.

[1] After reviewing the assignments of error brought forward by both the plaintiff and defendants, we find that the Court of Appeals erred in holding that the cumulative effect of extraneous remarks made by the trial judge in no way deprived defendants of a fair and impartial trial. Having found that the cumulative effect of these remarks was prejudicial to the defendants, we order a new trial.

Plaintiff instituted this action against defendant Durham County ABC Board and defendant Ronald D. Allen, an ABC enforcement officer who is an agent of defendant Durham County ABC Board. Plaintiff alleged Allen unlawfully and maliciously assaulted him and used unnecessary and excessive force while apparently attempting to serve a warrant at the home of plaintiff's mother. The evidence showed that the defendant Durham County ABC Board suspected plaintiff's mother of operating an illegal "liquor house." Plaintiff's evidence further showed that when plaintiff did not cooperate with defendant Allen's efforts to search the premises for intoxicating beverages, Allen struck him

over the head with a flashlight. Defendants denied the import of plaintiff's allegations and asserted several different defenses. Defendant Allen counterclaimed, alleging that plaintiff assaulted him. The Board stipulated that defendant Allen was acting within the scope of his employment.

At the conclusion of plaintiff's evidence, defendant Board moved for a directed verdict on both the liability and punitive damages issues on the grounds of governmental immunity. Both motions were denied. At the close of all the evidence and after deliberation, the jury found that defendant Allen committed an assault and battery on plaintiff with excessive force, and that plaintiff did not assault Allen. The jury awarded plaintiff $105,500 in compensatory damages and $7,000 in punitive damages, including $5,000 from defendant Board and $2,000 from defendant Allen. Judgment was entered on the verdict. Defendants appealed the verdict and award to the Court of Appeals.

The Court of Appeals held there was no error in the trial or judgment against defendant Allen. However, the Court of Appeals held that governmental immunity attached to the investigative and enforcement activities of local ABC Boards and therefore no action could be brought against them when acting in this capacity unless their immunity had been waived by the purchase of liability insurance. That court then remanded the case to the trial court with instructions to determine whether the Board had in fact purchased liability insurance and if it had not, to set aside the judgment against it; but if defendant Board had such insurance, the award was to be limited to the amount of the coverage and the judgment was to so provide.

We granted the petitions of both parties pursuant to N.C.G.S. § 7A-31 to review the decision of the Court of Appeals.

Defendants, in their first assignment of error, contend that the Court of Appeals erred by not granting them a new trial because of extraneous remarks made by the trial judge which exhibited to the jury the court's antagonism towards the defendants and their cause. We agree that the extraneous statements of the trial judge, in their totality, gave the appearance of antagonism and therefore prejudiced the defendants and denied them a fair and impartial trial. *See Board of Transportation v. Wilder*, 28 N.C. App. 105, 220 S.E. 2d 183 (1975).

Our review is limited to the record. We are mindful of the difficulty faced in attempting to capture in the printed word "the emphasis and the nuances that may be conveyed by tone of voice, inflection, or facial expressions" inherent in all speech. *State v. Frazier*, 278 N.C. 458, 460, 180 S.E. 2d 128, 130 (1971). Any determination of prejudice then must be premised upon reason and deduction; that is, "whether the remarks assigned as error were so disparaging in their effect that they could reasonably be said to have prejudiced the defendant[s]." *Id.*

Important in our review of the record are the circumstances involved in this particular trial. The circumstances surrounding this trial concerned the sale and distribution of intoxicating beverages from the home of plaintiff's mother. The trial had the effect of positioning the defendant ABC Board and its agent, as enforcer of alcoholic beverage control laws, against plaintiff and his mother, suspected violators of such laws. Any intimation by the trial court aligning itself with either side was certain to have effect in this environment. Against this backdrop, defendants contend that some thirty-seven remarks or commentaries were made by the trial judge to jurors, witnesses, and defense counsel, which when viewed *in toto* were prejudicial to them. Examples of the trial court's remarks support that contention and evidence the irreparable harm to defendants' right to a fair and impartial trial.

In the opening remarks to the jury pool, the trial judge stated: "I regret to say that the ABC Board has refused to provide any free samples, so we'll be trying the case without the benefit of that sort of evidence. (General laughter.) They could have gotten right popular if they'd seen it the other way." When several members of the jury pool stated they knew defendant Allen, the court inquired, "[w]hat did y'all do, just meet him while I was talking? (General laughter.) Well, Mr. Allen, the way you know these folks, you ought to run for Congress."

The trial court made additional remarks as the trial progressed. In one exchange, the court interrupted defense counsel's examination of a witness. The court interposed, "[w]hat in the world has that got to do with this case?" When defense counsel stated, "I'm gonna' move on—I'm gonna' move on," the court responded, "I hope so." In yet another exchange during defense counsel's cross-examination of a witness, the court interrupted,

"I'm bored with the repetition, frankly, and I think everybody else is. Let's get on to something that's got something to do with this case without repeating other things." Defense counsel asked if he might approach the bench. The court replied, "[n]o, sir, not if you just want to tell me something I already know; that's what you're doing now . . . . But for the love of Mike, let's get down to something new."

After denying defense counsel's request for a recross-examination of a character witness for plaintiff, the trial judge exhorted, "I'm not going to do that . . . . I don't know why we're getting so torn to pieces by a little liquor and gambling going on." The trial judge later asked an expert medical witness for plaintiff if the witness knew a certain doctor who was an "old drinking buddy of mine." The record reflects that general laughter ensued.

The same disaffection seemed not to be visited upon plaintiff's witnesses. On one occasion, in an effort to lay the foundation for an award of damages against defendants, an expert witness for plaintiff testified to the hearing loss of plaintiff apparently resulting from the blow perpetrated by defendant Allen. When plaintiff's counsel made a request that this witness be excused, the request was granted and the trial court stated, "[t]hank you for being here, sir. I enjoyed—I enjoyed your explanation." When viewed against the ostensible hostility exhibited against defendants, such deference may be read to suggest an alignment with plaintiff's cause.

We note the esteemed station occupied by our state's trial judges. Because of this esteem, "jurors entertain great respect for [a judge's] opinion, and are easily influenced by any suggestion coming from him. As a consequence, he must abstain from conduct or language which tends to discredit or prejudice" any litigant in his courtroom. *State v. Carter*, 233 N.C. 581, 583, 65 S.E. 2d 9, 10 (1951).

Throughout the trial, the court maintained an atmosphere of levity. The record reveals episodic laughter sufficient in time and manner to warrant notation by the court reporter. The trial judge's comments, perhaps unbeknownst to him, diminished the seriousness of the mission assigned to the jury and gave the appearance of antagonism towards the defense attorney. Reason and deduction lead us to conclude that the cause of defendants was

diluted by the frequent commentary of the trial judge. As noted in *Frazier*, any one comment standing alone, even when erroneous, might not be regarded as prejudicial. *Frazier*, 278 N.C. at 464, 180 S.E. 2d at 132. However,

> when all of the incidents are viewed in light of their cumulative effect upon the jury, we are constrained to hold that the cold neutrality of the law was breached to the prejudice of . . . defendant[s]. The content, tenor, and frequency of the remarks, and the persistence on the part of the trial judge portray an antagonistic attitude toward the defense and convey to the jury the impression of judicial leaning
> . . . .

*Id.*

We hold that the extraneous remarks made by the trial court were so disparaging in their effect that they prejudiced the defendants' right to a fair and impartial trial. Accordingly, the result is a new trial.

Defendants bring forward on this appeal other assignments of error, most of which concern evidentiary rulings made by the trial judge. Since we order a new trial on defendants' first argument, it is unnecessary to address the other assignments of error as they may not recur during the course of a subsequent trial.

[2] Plaintiff sought discretionary review of that part of the decision of the Court of Appeals which held that governmental immunity attached to the enforcement and investigative duties of local ABC Boards. With one member of the Court not taking part in this decision, we have considered this issue and are equally divided with three members voting to affirm the decision of the Court of Appeals and three members voting to reverse on this issue. Therefore, the decision of the Court of Appeals, as it concerns this issue, is left undisturbed and stands without precedential value. *See State v. Johnson*, 286 N.C. 331, 210 S.E. 2d 260 (1974).

The case is remanded to the Court of Appeals for further remand to the Superior Court, Durham County, for further proceedings. If it is determined that defendant Durham County ABC Board did not purchase liability insurance, the case shall be dismissed as to it. If liability insurance was purchased, then, upon

retrial, any judgment for damages against the Durham County ABC Board shall be limited in amount to the coverage of such insurance.

Affirmed in part; reversed in part; and remanded.

Justice WHICHARD did not participate in the consideration or decision of this case.

Justice MEYER concurring in part and dissenting in part.

I agree with that portion of the majority opinion in which a new trial is granted on the basis that the cumulative effect of the extraneous remarks made by the trial judge during the proceedings below was sufficiently prejudicial to the defendants' cause to require such a result. Another section of the majority opinion, however, causes me great concern.

At the end of its opinion, the majority notes that, with one member of the Court not taking part, the Court is split evenly as to the question of whether defendant Durham County ABC Board is insulated by governmental immunity in exercising its enforcement and investigative duties. Therefore, states the majority, the decision of the Court of Appeals—specifically, that governmental immunity does attach to the enforcement and investigative activities of local ABC boards—is left undisturbed and stands without precedential value. While this is the effect of our evenly divided vote, I am convinced to a certainty that the Court of Appeals was correct in that the officers, acting as they were in a police capacity, were performing a governmental function.

As a general matter, ABC officers are required by statute to take the oath prescribed for all peace officers. N.C.G.S. § 18B-501(b) (1983). Moreover, although their primary responsibilities relate to the enforcement of ABC laws and article 5 of chapter 90 of the North Carolina General Statutes, they have the clear authority to make arrests and to "take other investigatory and enforcement actions for any criminal offense." N.C.G.S. § 18B-501(b) (1983). *See State v. Taft*, 256 N.C. 441, 124 S.E. 2d 169 (1962). More specific to this case, the officers in question were serving a warrant at the time of the incident that gave rise to this lawsuit. It seems clear to me therefore that the officers were thus per-

forming a governmental police function, and thus bore the shield of governmental immunity. Whether the Court of Appeals was correct on the issue is not determinative in the case at bar, as our evenly divided vote produces the same result, i.e., the officers here were clothed with governmental immunity while serving the warrant.

The feature of the majority opinion with which I disagree is its affirmance of the order remanding the case for a determination as to whether the ABC Board has purchased liability insurance. Inherent in this remand is the notion that, if the ABC Board has in fact purchased liability insurance, it has waived its governmental immunity to the extent of the insurance coverage. Simply because the Court is evenly divided as to the governmental immunity issue, it does not necessarily follow that the case must be remanded to determine the availability of insurance coverage.

If the Durham County ABC Board is entitled to governmental immunity by reason of our equally divided vote, that immunity cannot be waived by the purchase of insurance absent an express statutory authorization. *See Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E. 2d 618 (1983). Our legislature has provided that *cities* and *counties* may waive governmental immunity by the purchase of insurance. *See* N.C.G.S. § 160A-485 (1987) (cities); N.C.G.S. § 153A-435 (1987) (counties). The statutory definition of the term "city" appears in N.C.G.S. § 160A-1(2) and does not encompass a local ABC board. A county is defined in N.C.G.S. § 153A-13, which provides that a county is one of the one hundred listed in N.C.G.S. § 153A-10, and thus the term "county" does not encompass a local ABC board.

In its opinion in this case, the Court of Appeals drew an analogy between cities and counties and local ABC boards, concluding that the same waiver possibility would exist for the latter as for the former. Governmental immunity, however, can only be waived if there is statutory authority authorizing and permitting the waiver. While, admittedly, the legislature has explicitly created waivers for *cities* and *counties*, it has done no such thing for local ABC boards. As a result, the majority's order that the case be remanded for a determination as to the Durham County ABC Board's liability insurance coverage seems clearly erroneous.

It is for that reason that I dissent only from that portion of the majority opinion.

Justice MITCHELL joins in this concurring and dissenting opinion.