STATE v. MOSLEY

[93 N.C. App. 239 (1989)]

STATE OF NORTH CAROLINA v. JAMES THOMAS MOSLEY

No. 8819SC665

(Filed 21 March 1989)

1. **Criminal Law § 138.29— crime victim under 16—no aggravating factor of involvement of person under 16 in commission of crime**

    The trial court erred in finding as a factor in aggravation that defendant involved a person under the age of 16 in the commission of the crime, since that factor is aimed at situations where children are encouraged and actually used in the commission of a crime, and the fact that the victim of a particular crime falls below the age of 16 is not included within the meaning of N.C.G.S. § 15A-1340.4(a)(1)(l); furthermore, this factor was not properly found based on evidence that another child under age 16 was present with the victim and defendant when the victim performed oral sex on defendant, since the acts involving the other child amounted to an uncharged joinable crime by defendant, and the other child's involvement in the crime for which defendant was being sentenced, the acts against the victim, was not a proper basis for an aggravating factor. N.C.G.S. § 15A-1340.4(a)(1)(l) and (o).

2. **Criminal Law § 138.16— inducing victim to take part in crime and exercising leadership or dominance over victim—no part of aggravating factor set out in N.C.G.S. § 15A-1340.4(a)(1)(l)**

    The fact that a defendant induces a victim to take part in the offense or exercises leadership or dominance over a victim of a crime is not within the meaning of the aggravating factor set out in N.C.G.S. § 15A-1340.4(a)(1)(l).

APPEAL by defendant from *Freeman (William H.), Judge*. Judgment entered 25 February 1988 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 13 February 1989.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Howard E. Hill, for the State.*

*J. Jane Adams for defendant-appellant.*

LEWIS, Judge.

Defendant was found guilty by a jury of taking indecent liberties with a minor. At trial, the State's evidence tended to show that the then 12-year-old victim visited defendant's mobile home nearly every afternoon to see Lisa, the daughter of defendant's live-in girlfriend. Defendant worked the night shift and was in bed during the victim's afternoon visits. Lisa and the victim began going into defendant's bedroom where Lisa would perform oral sex on defendant. At defendant's request, the victim eventually engaged in similar conduct. These activities took place on a weekly basis from November 1986 to January 1987. The State's evidence also tended to show that on or about 9 May 1987, the victim went to see Lisa at defendant's mobile home. Defendant and Lisa were seated in a car outside the home. The victim got in the car and observed Lisa performing oral sex on defendant. The victim left and went home but later returned to the car. She got in the car beside defendant and performed oral sex on him.

In sentencing defendant, the trial court found as aggravating factors that (1) "defendant induced others to participate in the commission of the offense"; (2) "defendant occupied a position of leadership or dominance of other participants in the commission of the offense"; and (3) "defendant involved a person under the age of 16 in the commission of the crime." The court found as a mitigating factor that "defendant has no record of criminal convictions." Finding the factors in aggravation outweighed the factor in mitigation, the trial court sentenced defendant to the maximum term of ten years. Defendant appeals assigning error to the finding of each factor in aggravation. We have reviewed the assignments of error and conclude defendant is entitled to a new sentencing hearing.

[1] First, we address defendant's contention that the trial court erred in finding as an aggravating factor that defendant involved a person under age 16 in the commission of the crime. This Court has held that "[t]he legislative intent behind this statutory aggravating factor . . . concerned situations where children are encouraged and actually used *in the commission* of a crime. The fact that the victim of a particular crime falls below the age of sixteen is not included within the meaning of G.S. § 15A-1340.4(a)(1)(l)." *State v. Waters*, 87 N.C. App. 502, 505, 361 S.E. 2d 416, 418 (1987) (emphasis original). Additionally, we do

STATE v. MOSLEY

[93 N.C. App. 239 (1989)]

not agree with the State's contention that this factor was properly found based on the evidence that Lisa, a child under age 16, was present with the victim and defendant when the victim performed oral sex on defendant. G.S. § 15A-1340.4(a)(1)(o) prohibits the trial court from aggravating a sentence by using convictions of "any crime that is joinable, under G.S. Chapter 15A, with the crime or crimes for which defendant is currently being sentenced." Our Supreme Court has held that the "sentencing judge may not use a joined or joinable offense in aggravation." *State v. Rose*, 323 N.C. 455, 460, 373 S.E. 2d 426, 430 (1988). The acts involving Lisa amount to an uncharged crime by defendant and Lisa's involvement in the crime for which defendant is being sentenced, the acts against the victim, is not a proper basis for an aggravating factor. The trial court erred in finding as a factor in aggravation that defendant involved a person under the age of 16 in the commission of the crime.

[2] Next, we address defendant's contentions that the trial court erred in finding as aggravating factors that defendant induced others to participate in the offense and that defendant occupied a position of leadership or dominance of the other participants. We agree with defendant that these factors are not supported by the evidence. Neither factor was properly found as to defendant's inducing or leading or dominating Lisa. As stated above, defendant's activities with Lisa amount to an uncharged joinable offense which may not be used as the basis for aggravating factors in sentencing for the offense against the victim. *State v. Rose, supra.* Moreover, whether the trial court found the factors based on defendant's acts against Lisa or the victim, the factors are not proper. We do not believe that evidence that a defendant encourages a victim to participate in a crime or that a defendant exercises leadership or dominance of a victim will support these factors. We believe the legislature was concerned with situations in which a defendant induces others or leads or dominates others to join him in the commission of a crime. The fact that a defendant induces a victim to take part in the offense or exercises leadership or dominance over a victim of a crime is not within the meaning of G.S. § 15A-1340.4(a)(1)(a).

For errors in the finding of aggravating factors, defendant is entitled to a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

New sentencing hearing.

Chief Judge HEDRICK and Judge WELLS concur.