STATE OF NORTH CAROLINA v. FREDERICK DEAN MORGAN

No. COA02-620

(Filed 18 March 2003)

**1. Evidence— prior crimes or bad acts—domestic violence protective orders**

The trial court did not err in an assault with a deadly weapon with intent to kill inflicting serious injury case by admitting evidence of prior and expired 50-B domestic violence protective orders and prior acts by defendant which led to issuance of the restraining orders, because: (1) it is proper to admit other crimes, wrongs, or acts under N.C.G.S. § 8C-1, Rule 404(b) to show intent; and (2) the evidence was competent to prove that defendant had the intent to kill, and the trial court properly limited the purposes in its instruction by requiring the jury to consider the evidence only to show intent and only as against defendant's estranged wife.

**2. Assault— deadly weapon inflicting serious injury—broken wine bottle—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss two charges of assault with a deadly weapon inflicting serious injury, because there was substantial evidence that defendant assaulted two victims with a broken wine bottle as a deadly weapon.

**3. Assault— deadly weapon inflicting serious injury—jury instruction—broken wine bottle a deadly weapon as a matter of law**

The trial court did not err in an assault with a deadly weapon inflicting serious injury case by instructing the jury that a broken wine bottle was a deadly weapon as a matter of law because in the circumstances of its use by defendant here, it was likely to produce death or great bodily harm.

**4. Sentencing— prior record level—clerical errors**

The trial court did not err in an assault with a deadly weapon inflicting serious injury case by finding that defendant was a prior record level IV felon, because: (1) the misspelling of defendant's middle name as well as the incorrect birth date were clerical errors; and (2) the State presented a preponderance of evidence to show that defendant was the same person convicted in the disputed convictions.

**5. Sentencing— nonstatutory aggravating factors—assault in presence of child—course of conduct**

The trial court did not commit plain error in an assault with a deadly weapon inflicting serious injury case by finding two non-statutory aggravating factors including that defendant beat his wife and the other victim in the presence of a six-year-old child which caused her serious trauma stress, and defendant's course of conduct, because contrary to defendant's assertion: (1) the assault in the presence of a minor child was not a joinable offense of misdemeanor child abuse; and (2) the course of conduct factor was not precluded even though defendant pled guilty to the joined offense of violation of the 50-B domestic violence protective order.

Appeal by defendant from judgments entered 6 December 2001 by Judge Henry E. Frye, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 19 February 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Sonya M. Allen, for the State.*

*Maitri "Mike" Klinkosum for defendant-appellant.*

TYSON, Judge.

Frederick Dean Morgan ("defendant") appeals from his conviction and his aggravated sentence as a prior record level IV felon entered after a jury found him guilty of two counts of assault with a deadly weapon inflicting serious injury. Defendant plead guilty to misdemeanor breaking and entering and the violation of a domestic violence protection order. We find no error.

## I. Background

Early in the morning of 13 April 2001, April Ladawn Warren Morgan ("Morgan") was home with her two children, Jade, six-years-old, and Ladawn, three-years-old. Also present were Jason Kyle Marshall ("Marshall"), Jerry Joyce, and Keith Dodd. At approximately 1:00 a.m., Joyce and Dodd left to go to the store leaving Morgan and Marshall sitting on the couch, watching television.

Morgan testified that she married defendant in 1996 and conceived Jade and Ladawn. Morgan and defendant separated in February of 1999 because defendant "wouldn't work" and because of "the violence." Morgan testified that defendant repeatedly threat-

STATE v. MORGAN

[156 N.C. App. 523 (2003)]

ened her and impliedly threatened to kill her after they separated. Morgan caused multiple 50-B domestic violence protective orders ("50-B orders") to be issued against defendant because of violence and threats.

On 13 April 2001, two glass Arbor Mist wine bottles, filled with colored water, were sitting in Morgan's kitchen as decorations. The bottles were made of "thick" glass and each held 1.5 pints. While Morgan was sitting on the couch with Marshall, she "looked up and saw the defendant coming through my kitchen." After defendant hit Marshall in the head with an Arbor Mist bottle, the glass broke and cut Marshall. Defendant then assaulted Morgan. Morgan put up her arms to defend herself and received blows to her arms and cuts on them. She received cuts to her face, lips, side of her head, legs, arms, and back. Morgan suffered permanent nerve damage and disfigurement as a result of the assault.

Marshall testified that "someone came from my right side—the blind side—and struck me in the head with a bottle." After Marshall was struck initially, the unidentified man continued to "hit me and then he cut me a few times" on Marshall's forehead and on the top of his head. Marshall was dazed by the blows and "really couldn't see because the blood kept pouring in my eyes." Marshall continually wiped the blood out of his eyes and observed the man hitting Morgan with the end of the bottle. He testified that the bottle "was broke and it was just the handle."

Marshall attempted to leave through the front door but was struck again in the side of his face by defendant. Marshall testified that defendant "went back" to Morgan and "kept on hitting her." While defendant remained in the living room, Jade, the daughter, threw an ashtray at defendant, but defendant continued to beat Morgan.

Defendant was indicted and tried on first degree burglary and the two felony assault charges. After the close all evidence, the trial court dismissed the first degree burglary charge and defendant pled guilty to misdemeanor breaking and entering. The trial court submitted both charges of assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious injury to the jury on both Morgan and Marshall. The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury on both Morgan and Marshall. Defendant was sentenced to two consecutive aggravated sentences of a minimum of 58

months to a maximum of 79 months each as a prior record level IV felon.

## II. Issues

Defendant contends the trial court erred in (1) admitting evidence of prior 50-B orders and acts of defendant surrounding those orders, (2) denying defendant's motion to dismiss, (3) finding and instructing the jury that the broken wine bottle was a deadly weapon as a matter of law, (4) finding that defendant was a prior record level IV felon, and (5) finding two non-statutory aggravating factors.

## III. Prior Acts by Defendant

[1] Defendant contends the trial court erred in admitting evidence of prior and expired 50-B domestic violence orders and in admitting evidence of prior acts by defendant which led to the issuance of the restraining orders. We disagree.

Rule 404(b) of the North Carolina Rules of Evidence provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, *intent*, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2001) (Emphasis supplied). Evidence of "other crimes, wrongs, or acts" is admissible only if for a proper purpose. *State v. Haskins*, 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991), *disc. rev. denied*, 331 N.C. 287, 417 S.E.2d 256 (1992). It is proper to admit "other crimes, wrongs, or acts" under Rule 404(b) to show intent. N.C. Gen. Stat. § 8C-1, Rule 404(b).

Defendant was charged with assault with a deadly weapon *with the intent to kill* inflicting serious injury. The State was required to prove that defendant had the intent to kill as an element of the crime. The State presented evidence of the prior 50-B orders and the actions of defendant which caused those orders to show the requisite intent to kill Morgan.

The trial court instructed the jury:

Evidence has been received in this case tending to show that the defendant has made threats or committing previous assaults against [Morgan] and that two 50-B restraining orders have been

taken out by [Morgan] against the defendant. This evidence was received or admitted solely for the purpose of showing that the defendant had the intent to kill which is a necessary element of the crime charged of assault with a deadly weapon with intent to kill inflicting serious injury against [Morgan]. If you believe this evidence, you may consider it but only for the limited purpose for which it was received. This evidence was not received for the purpose of intent as it relates to the assault charge against [Marshall].

The trial court did not err in admitting this evidence to show defendant's intent to kill Morgan. The trial court properly limited the purposes in its instruction by requiring the jury to consider the evidence only to show intent and only as against Morgan. This assignment of error is overruled.

## IV. Denial of Motion to Dismiss

[2] Defendant contends the trial court erred in denying his motion to dismiss because there was (a) a fatal variance between the indictment and the evidence at trial and (b) insufficient evidence that the broken wine bottle was a deadly weapon. Defendant argues that, as against Marshall, the evidence at trial goes toward the use of defendant's hands as a deadly weapon and not assault with a broken wine bottle as a deadly weapon. Defendant further contends there is insufficient evidence of a broken wine bottle being a deadly weapon as a matter of law. We disagree.

A motion to dismiss should be denied when, reviewed in a light most favorable to the State, the State presents substantial evidence of every element of the crime charged. *State v. Powell*, 299 N.C. 95, 98-99, 261 S.E.2d 114, 117-18 (1980). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The State must present substantial evidence that (1) defendant (2) assaulted another (3) with a deadly weapon (4) with the intent to kill (5) inflicting serious injury. The indictments alleged the broken wine bottle to be the deadly weapon in both cases. Defendant admitted the assaults and does not contest that the assaults inflicted serious injury on both Morgan and Marshall. The jury found no intent to kill.

Defendant contends that there is insufficient evidence that defendant assaulted Marshall with the broken wine bottle as a deadly

weapon. Defendant argues that the evidence only shows defendant hit Marshall with an unbroken wine bottle, which shattered upon impact, but that there was no evidence of hitting Marshall with anything else besides his fist. We disagree.

Marshall testified that, after defendant blind-sided him in the head with the wine bottle that broke upon impact, "[h]e hit me and then he cut me a few times." The cuts came one after the other and not all at once. Taken in a light most favorable to the State, there was substantial evidence that defendant assaulted Marshall with a broken wine bottle to survive defendant's motion to dismiss.

As to the assault against Morgan, Marshall testified that after he had been beaten and cut, defendant "went after [Morgan]." Defendant "started hitting her and swinging the bottle . . . The end of the bottle . . . It broke and it was just the handle." Morgan testified that defendant assaulted her with the broken bottle. She received cuts to her arms, legs, back, face, and head. Taken in a light most favorable to the State, substantial evidence was presented that defendant assaulted Morgan with a broken bottle to survive defendant's motion to dismiss.

### V. Wine Bottle as a Deadly Weapon

**[3]** Defendant contends the trial court erred in instructing the jury that the wine bottle was a deadly weapon. During the charge conference, defendant did not request the trial court to instruct further on the element of a deadly weapon. After the trial court instructed the jury, defendant did not object to the jury instructions as required by N.C. R. App. P. Rule 10(b)(2). Defendant never requested the lesser included offense of assault inflicting serious injury be submitted to the jury.

Our review is limited to plain error when defendant fails to object to jury instructions. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). "[E]ven when the 'plain error' rule is applied, '[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.' " *Id.* at 660-61, 300 S.E.2d at 378 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 52 L. Ed. 2d 203, 212 (1977)). Plain error is defined as:

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements

that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*Id.* at 660, 300 S.E.2d at 378 (quoting *United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir. 1982)). Prior to engaging in a plain error analysis, we must make "the determination [whether] the instruction complained of constitutes 'error' at all." *State v. Torain*, 316 N.C. 111, 116, 340 S.E.2d 465, 468 (1986).

A dangerous or deadly weapon "is generally defined as any article, instrument or substance which is likely to produce death or great bodily harm." Only "where the instrument, according to the manner of its use or the part of the body at which the blow is aimed, may or may not be likely to produce such results, its allegedly deadly character is one of fact to be determined by the jury."

*Id.* at 120, 340 S.E.2d at 470 (quoting *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 725 (1981); *State v. Joyner*, 295 N.C. 55, 64-65, 243 S.E.2d 367, 373 (1978)).

We review the overall jury instruction and not portions in isolation. *State v. Davis*, 349 N.C. 1, 58, 506 S.E.2d 455, 487 (1998), *cert. denied*, 526 U.S. 1161, 144 L. Ed. 2d 219 (1999). The trial court charged the jury that the State must prove beyond a reasonable doubt "that the defendant used a deadly weapon. A deadly weapon is a weapon which is likely to cause death or serious bodily injury. The broken Arbor Mist bottle is a deadly weapon." Later in the instructions, the trial court reiterated that the jury was required to find from the evidence beyond a reasonable doubt "that the broken wine bottle is a deadly weapon." It further instructed "if you do not so find or have a reasonable doubt as to one or more of these things, it will be your duty to return a verdict of not guilty." Defendant made no request for special instructions on the issue of deadly weapon and no objections to the instructions as given.

"It has long been the law of this state that '[w]here the alleged deadly weapon and the manner of its use are of such character as to

admit of but one conclusion, the question as to whether or not it is deadly . . . is one of law, and the Court must take the responsibility of so declaring.' " *Torian*, 316 N.C. at 119, 340 S.E.2d at 470 (1986) (quoting *State v. Smith*, 187 N.C. 469, 470, 121 S.E. 737, 737 (1924); *State v. West*, 51 N.C. (6 Jones) 505 (1859); *State v. Roper*, 39 N.C. App. 256, 249 S. E. 2d 870 (1978)) (emphasis omitted).

There is no "mechanical definition" for "the distinction between a weapon which is deadly or dangerous per se and one which may or may not be deadly or dangerous depending upon the circumstances." *Id.* at 121, 340 S.E.2d at 471. "[T]he evidence in each case determines whether a certain kind of [weapon] is properly characterized as a lethal device as a matter of law or whether its nature and manner of use merely raises a factual issue about its potential for producing death." *Id.*

Here, the uncontroverted evidence showed that defendant used a 1.5 pint wine bottle made of "thick" glass. Defendant approached Marshall from his "blind side" and struck him hard enough in the head with the wine bottle that it broke upon impact. Defendant's blows caused cuts to Marshall's head which required staples and stitches to close the wounds. Defendant continued to strike both Marshall and Morgan with the broken bottle cutting both in the head and face and on Morgan's arms, legs, and back. The State entered into evidence the broken bottle defendant used but neither it nor photographs of the bottle were included in the record on appeal.

We hold that the evidence amply supported the trial court's instruction that a broken wine bottle is a dangerous and deadly weapon as a matter of law because, "in the circumstances of its use by defendant here, it was 'likely to produce death or great bodily harm.' " *Id.* at 121-22, 340 S.E.2d at 471 (quoting *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 725 (1981)).

## VI. Prior Record Level

**[4]** During sentencing, defendant objected to four of the eleven prior convictions the State presented for determination of defendant's prior record level. The first of the convictions objected to was a prayer for judgment continued which the trial court counted toward defendant's points. On the next, defendant contended that he was not provided an attorney and the trial court excluded the conviction. On the remaining two convictions, the convicted perpetrator was Frederick Deon Morgan with a birth date of 26 July 1965 and an

address at 3656 Cedar Springs Dr. Winston-Salem. Defendant's legal name is Frederick Dean Morgan and he was born on 25 July 1965. The trial court found that the middle name having an "o" instead of an "a" and the birth date being misstated by one day were both clerical errors and counted both convictions toward defendant's prior record level. Defendant appeals only the use of the last two convictions at sentencing.

"The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.21(c) (2001). The trial court noted in the record that the middle name "Deon" was also stated on the majority of the prior convictions to which defendant admitted. The address of 3656 Cedar Springs appeared on multiple prior convictions to which defendant also admitted. The record reflects that defendant also admitted to convictions under the middle name "Devon" and "Deaon". Based on the fact that defendant had admitted to other convictions under the name of "Deon" with an address of 3656 Cedar Springs, the trial court found "that the only difference in these two files in the '94 and '93 cases are one variance in the date of birth. The court will treat that as a clerical error and therefore the defendant's motion is denied as relates to those two charges."

We find that the State presented a preponderance of the evidence to show that defendant was the same person convicted in the disputed convictions. The trial court did not err in including the two convictions in determining defendant's prior record level.

## VII. Aggravating Factors

[5] Defendant contends that the trial court committed plain error in finding as non-statutory aggravating factors that (1) "the defendant beat his wife and the other victim in the presence of the 6 year old child which caused her serious trama stress to this child [sic]" and (2) "a seris [sic] of physical abuse and threats in the 50-B orders culminated in the defendant's assault on both April Warren and Jason Marshall that being a course of conduct." Defendant did not object at trial. We review under a plain error standard.

### A. Occurred in Presence of Child

Defendant contends that his commission of the assault in the presence of a minor child was a joinable offense of misde-

meanor child abuse and may not be used as an aggravating factor. We disagree.

"Any parent of a child less than 16 years of age, . . ., who inflicts physical injury, or who allows physical injury to be inflicted, or who creates or allows to be created a substantial risk of physical injury, upon or to such child by other than accidental means is guilty of the Class 1 misdemeanor of child abuse." N.C. Gen. Stat. § 14-318.2(a). There was no evidence presented that defendant knew or should have known that the six-year-old was physically injured or at a substantial risk of being physically injured. Nor was there evidence that any possible actions concerning the child were "not by accident." Mere presence of the minor child at the assaults does not "amount to an uncharged crime by defendant" as was required in *State v. Mosley*, 93 N.C. App. 239, 241, 377 S.E.2d 554, 555 (1989). This assignment of error is overruled.

## B. Course of Conduct

Defendant assigns error to using his course of conduct as an aggravating factor because he pled guilty to the joined offense of violation of the 50-B order. We disagree.

There is no evidence that the trial court used the violation of the 50-B order as the aggravating factor. The prior conduct of defendant, the multiple expired 50-B orders, and the past threats showed defendant's course of conduct and were not part of the joined violation of the 50-B order in force at the time of the assault.

The trial court did not err in finding defendant's course of conduct as an aggravating factor for the purpose of sentencing. This assignment of error is overruled.

## VIII. Conclusion

We hold that the trial court did not err in admitting evidence at trial or in denying defendant's motion to dismiss. The trial court properly instructed the jury regarding the wine bottle as a deadly weapon. The trial court did not err by the sentencing of defendant with a prior record level IV to an aggravated sentence.

No error.

Judges McCULLOUGH and CALABRIA concur.