IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-358

Filed 3 December 2024

New Hanover County, No. 21 CRS 53636

STATE OF NORTH CAROLINA

v.

CLYDE ANTREA PETTIS, JR., Defendant.

Appeal by defendant from judgment entered 22 September 2023 by Judge Frank Jones in New Hanover County Superior Court. Heard in the Court of Appeals 5 November 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Victor A. Unnone III, for the State.*
>
> *Michelle Abbott for defendant-appellant.*

DILLON, Chief Judge.

Defendant Clyde Antrea Pettis, Jr., appeals from a jury verdict convicting him of assault with a deadly weapon inflicting serious injury. Defendant contends the trial court erred by peremptorily instructing the jury that, as matters of law, a glass bottle is a deadly weapon and the victim's injury was a serious injury. We conclude Defendant received a fair trial, free from reversible error.

## I.   Background

This case arises from a bar fight in Wilmington.  The State's evidence showed that Defendant struck another bar patron with a glass beer bottle which inflicted a laceration on the patron's face requiring thirty-five stitches.  Defendant was indicted for assault with a deadly weapon inflicting serious injury.  Defendant was tried by a jury.

Following the close of evidence and during the charging conference, the trial court informed counsel that it planned on instructing the jury that the victim's injury was serious *as a matter of law* and that a glass beer bottle is a deadly weapon *as a matter of law*.  Defense counsel only objected to the latter, whether a glass beer bottle is a deadly weapon as a matter of law.  The trial court ultimately instructed the jury as planned, stating, *inter alia*, that "[a] glass beer bottle is a deadly weapon; and [ ] [D]efendant inflicted serious injury upon the victim.  A facial laceration requiring 35 stitches is a serious injury."

During deliberations, jurors submitted a handwritten note to the court asking "[i]s the reference to 'a glass beer bottle,' which is mentioned in the first and second conditions for guilt, an example of a deadly weapon or an absolute requirement?  Would a glass highball glass, which could be used to serve a Tequila Sunrise, also a deadly weapon?"  The trial court did not provide any further clarification, stating, "You have been instructed on the law to be applied in this case, and you are to rely on these instructions."  Following deliberations, the jury returned a verdict finding

Defendant guilty. The trial court sentenced Defendant in accordance with the verdict. Defendant timely appeals.

## II. Analysis

Defendant makes two arguments, which we address in turn.

### A. Facial Laceration: Serious Injury as a Matter of Law?

Defendant argues the trial court committed plain error by instructing the jury that a facial laceration requiring thirty-five stitches is a serious injury as a matter of law. Specifically, Defendant contends the question of whether the victim's injury was serious was a question of fact for the jury to decide.

Defendant did not object to the portion of the jury instructions regarding the serious injury. Thus, we review for plain error. *State v. Lawrence*, 365 N.C. 506, 518 (2012). To meet his burden of showing plain error, Defendant must show that "absent the error, the jury probably would have returned a different verdict." *State v. Reber*, 386 N.C. 153, 158 (2024).

While generally a question for the jury, "a trial court may peremptorily instruct the jury on the serious injury element of N.C.G.S. § 14-32 if the evidence 'is not conflicting and is such that reasonable minds could not differ as to the serious nature of the injuries inflicted.'" *State v. Hedgepeth*, 330 N.C. 38, 54 (1999).

Here, the State's evidence showed that the victim felt a sharp pain when he was hit in the face. Because of this strike, the victim was transported by ambulance to the hospital where he received thirty-five stitches to his face prior to being released

in the morning.  Further, evidence showed that the victim lost feeling in parts of his arm and has a permanent scar running from the corner of his eye to his chin.

Assuming the trial court erred in not allowing the jury to determine whether a facial wound requiring thirty-five stitches constitutes a serious injury, we conclude that such error does not rise to the level of plain error.  That is, we conclude Defendant has failed to meet his burden of showing that the jury *probably* would have found that the victim's facial laceration requiring thirty-five stitches was not a serious injury, had they been allowed to make that determination.

B.  Glass Beer Bottle:  Deadly Weapon as a Matter of Law?

Lastly, Defendant argues the trial court erred by instructing the jury that a glass bottle is a deadly weapon as a matter of law.  Specifically, Defendant contends the question of whether the glass bottle was a deadly weapon was a question of fact for the jury.

Defendant properly objected to this instruction.  Accordingly, Defendant's burden on appeal is to show that the trial court erred in its instruction and that there is a "'reasonable possibility' that, but for the error, the jury would have reached a different result." *Lawrence*, 365 N.C. at 513.

Our Supreme Court has defined a deadly weapon as "any article, instrument or substance which is likely to produce death or great bodily harm." *State v. Sturdivant*, 304 N.C. 293, 301 (1981).  "[W]here the instrument may or may not be likely to produce such results, according to the manner of its use or the part of the

body at which the blow is aimed, its allegedly deadly character is one of fact to be determined by the jury." *State v. Joyner*, 295 N.C. 55, 64–65 (1978). However, "where the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly is one of law, and the [trial] [c]ourt must take the responsibility of so declaring." *State v. Torain*, 316 N.C. 111, 119 (1986) (cleaned up).

Here, the State presented evidence, and Defendant confirmed, that Defendant was drinking Corona beer from a glass bottle the night of the assault. The State's evidence reflected that Defendant blindsided the victim by hitting him in the face with the bottle. This strike caused the bottle to break over the victim and cover both him and another patron with glass. The strike caused a deep laceration to the victim's face and numerous smaller lacerations which ultimately required seven additional stitches and resulted in loss of feeling in the victim's arm. A difference of mere inches could have resulted in a deadly cut to the victim's throat or other arteries.

Our Supreme Court has held that it was appropriate for the trial court *to submit to the jury* to decide whether a glass bottle was a deadly weapon where the defendant rammed the bottle up the victim's rectum causing bleeding. *Joyner*, 295 N.C. at 65. In that case, the Court noted that the determination of whether an object is a deadly weapon as a matter of law depends, in part, on "the part of the body at which the blow is aimed[.]" *Id.* at 64.

Since *Joyner* was decided, our Court has held that a trial court did not err by

instructing a jury that a glass bottle was a deadly weapon as *a matter of law*, where the defendant blindsided the victim by striking the victim in the head with the bottle, causing cuts on the victim's head and the bottle to break. *State v. Morgan*, 156 N.C. App. 523, 530 (2003)("We hold that the evidence amply supported the trial court's instruction that a broken wine bottle is a dangerous and deadly weapon as a matter of law because, 'in the circumstances of its use by defendant here, it was likely to produce death or great bodily harm' [*State v. Torain*, 316 N.C. 111, at 121-22 (1986)].").

Based on our holding in *Morgan*, we must conclude that the trial court did not err by instructing that the bottle, which was wielded by Defendant at the victim's face with such force as to break the bottle and to cause the injuries described above, is a deadly weapon as a matter of law.

III.    Conclusion

For the aforementioned reasons, we hold the trial court did not commit reversible error.

NO ERROR.

Judges WOOD and STADING concur.