STATE OF NORTH CAROLINA v. MARTIN WATERS

No. 8720SC56

(Filed 3 November 1987)

1. **Criminal Law § 99.2— judge's questions—no prejudice**
    The defendant in a prosecution for first degree arson did not show that he was prejudiced by questions asked by the trial judge. N.C.G.S. § 15A-1222.

2. **Criminal Law § 138.22— arson—aggravating factor—knowingly created risk of death to more than one person—inappropriate**
    The trial judge erred by finding as an aggravating factor for first degree arson that defendant knowingly created a risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. This is not an appropriate aggravating factor for first degree arson.

3. **Criminal Law § 138.29— arson—two-year-old child inside house—aggravating factor that defendant involved a person under the age of sixteen—inappropriate**
    The trial judge erred by finding as an aggravating factor for first degree arson that defendant involved a person under the age of sixteen in the commission of the crime where a two-year-old child was inside the house when defendant set it ablaze. The legislative intent behind this aggravating factor

State v. Waters

concerned situations where children are encouraged and actually used in the commission of a crime. N.C.G.S. § 15A-1340.4(a)(1)(l).

APPEAL by defendant from *Walker, Judge*. Judgment entered 20 August 1986 in Superior Court, UNION County. Heard in the Court of Appeals 21 September 1987.

Defendant was indicted for first degree arson for burning the occupied dwelling of his girlfriend Libby Marsh. The State presented evidence at trial which tended to show the following: Defendant and Ms. Marsh were seen arguing on the porch of Ms. Marsh's house on the evening of the fire. Defendant threatened Ms. Marsh and told her that if she did not get back together with him, that he would burn down her house. A neighbor testified that a few minutes after the argument, she saw a man she thought was defendant carrying a milk jug containing a clear liquid. She saw him walk across the porch of Ms. Marsh's house and throw the liquid on a chair which subsequently burst into flames.

Soon thereafter, Ms. Marsh and her two-year-old child were awakened by her roommate yelling that the house was on fire. Ms. Marsh and her child jumped out of a window from a stairway in the hall to escape injury.

Defendant presented evidence which tended to show that he could not have set the fire because he was in the company of friends at the time of the incident.

Defendant was convicted of first degree arson and sentenced to a term of twenty years in prison, five years above the presumptive term.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Francis W. Crawley, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that he is entitled to a new trial "because the trial judge conveyed prejudicial opinions to the jury through his persistent questioning of witnesses." We disagree.

G.S. 15A-1222 prohibits a trial judge from expressing "during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." The trial judge may not "indicate in any manner his opinion as to the weight of the evidence or the credibility of any evidence properly before the jury." *State v. Blackstock*, 314 N.C. 232, 236, 333 S.E. 2d 245, 248 (1985). The Supreme Court further stated in *Blackstock*:

> [I]n a criminal case it is only when the jury may reasonably infer from the evidence before it that the trial judge's action intimated an opinion as to a factual issue, the defendant's guilt, the weight of the evidence of a witness's credibility that prejudicial error results. In this connection it is well settled that it is the duty of the trial judge to supervise and control the course of a trial so as to assure justice to all parties. In so doing the court may question a witness in order to clarify confusing or contradicting testimony. (Citations omitted.)

*Id.*

The burden rests upon the defendant to show that the remarks of the trial judge deprived him of a fair trial. *State v. Greene*, 285 N.C. 482, 206 S.E. 2d 229 (1974). After a careful examination of the transcript, we hold that defendant has in no way shown that he was prejudiced by questions asked by the trial judge. Defendant's contention is without merit.

Defendant next contends that the trial court erred in that two out of the three aggravating factors used in his sentencing were improper. We agree.

[2] The trial court found as an aggravating factor that "the defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." In *State v. Jones*, 310 N.C. 628, 315 S.E. 2d 698 (1984), the Supreme Court held that this is not an appropriate aggravating factor to be considered when a defendant is convicted of violating G.S. 14-67 (attempting to burn dwelling houses and certain other buildings). With this holding in mind, we can only conclude that this factor is not an appropriate aggravating factor to be used when a defendant is convicted of first degree arson. The trial court improperly applied it as such.

[3]  The trial court also found as an aggravating factor that "the defendant involved a person under the age of 16 in the commission of the crime." The trial court here was referring to Ms. Marsh's two-year-old child who was inside the house when defendant set it ablaze. The legislative intent behind this statutory aggravating factor, G.S. 15A-1340.4(a)(1)(l), concerned situations where children are encouraged and actually used *in the commission* of a crime. The fact that the victim of a particular crime falls below the age of sixteen is not included within the meaning of G.S. 15A-1340.4(a)(1)(l). The trial court erred in using this factor to aggravate defendant's sentence. Upon remand, the two factors discussed above shall not be considered as aggravating factors.

Remanded for resentencing.

Chief Judge HEDRICK and Judge ORR concur.