STATE OF NORTH CAROLINA v. MICHAEL LAMONT MACK

No. COA03-176

(Filed 16 December 2003)

**1. Criminal Law— court's comments to counsel—inappropriate**
    The trial judge's request that defense counsel use his "big boy voice" was inappropriate, but not prejudicial under the totality of the circumstances.

STATE v. MACK

[161 N.C. App. 595 (2003)]

**2. Criminal Law— court's comments to counsel—sarcastic and inappropriate—not prejudicial**

A trial judge's sarcastic and inappropriate comments, including the statement "If you'd like to ask that 15 more times . . ." were inappropriate and unprofessional but not prejudicial.

**3. Criminal Law— court's questioning of witnesses—no abuse of discretion**

A trial judge's questioning of witnesses was unusual, but not an abuse of discretion.

**4. Constitutional Law— effective assistance of counsel—failure to object at trial**

A defense attorney's failure to object to the court's rejection of a stipulation was not ineffective assistance of counsel.

**5. Appeal and Error— special instruction—request not in record**

An assignment of error to the failure to give a special instruction was dismissed where the request was not included in the record.

**6. Homicide— lesser included offenses—failure to instruct ex mero motu—no error**

There was no plain error in not instructing ex mero motu on lesser included offenses in a prosecution for attempted first-degree murder resulting from shots being fired at a police officer.

**7. Homicide— attempted first-degree murder—evidence sufficient**

There was no error in the trial court's refusal to dismiss a charge of attempted first-degree murder where the State's evidence tended to show that defendant fired at an officer several times at close range without provocation.

**8. Appeal and Error— preservation of issues—excluded testimony—no offer of proof**

The failure to make an offer of proof concerning excluded testimony about mitigating circumstances resulted in a dismissal of the assignment of error.

**9. Sentencing— no finding on mitigating evidence—sentence within presumptive range**

The trial court's failure to make findings concerning statutory mitigating factors about which evidence was presented was

STATE v. MACK

[161 N.C. App. 595 (2003)]

not error where defendant was sentenced within the presumptive range.

Appeal by defendant from judgment entered 11 July 2002 by Judge Evelyn W. Hill in Wake County Superior Court. Heard in the Court of Appeals 12 November 2003.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell, for the State.*

*Bruce T. Cunningham, Jr., for defendant-appellant.*

TYSON, Judge.

Michael Lamont Mack ("defendant") appeals from a judgment entered after a jury found him guilty of assault on a law enforcement officer with a firearm, possession of a firearm by a convicted felon, and attempted first-degree murder.

## I.  Facts

The State's evidence tended to show that on 6 September 1999, around 1:00 a.m., defendant went to Christina Johnson's ("Johnson") house to see his son. Johnson and defendant had conceived the child. Johnson did not allow defendant inside the house. Her mother called 911 while Johnson talked to defendant through the door. When Johnson informed defendant that the police were on their way, defendant stated, "I ain't afraid of the police. When they get here I'll show you."

Around the same time, Raleigh police officer Kevin Lillis ("Officer Lillis") responded to Johnson's mother's 911 call complaining of trespassing in violation of a domestic violence protection order. The call informed him that the suspect's name was "Mike." Officer Lillis was wearing an orange raincoat when he arrived at the apartment complex in his marked Raleigh Police Department vehicle. He saw a black male standing on the porch of one of the apartments. Officer Lillis yelled, "Mike," as the suspect began to walk away. The suspect raised his arm toward Officer Lillis and fired two shots. Officer Lillis retreated to his vehicle for cover and drew his service weapon. He observed the suspect remove a red baseball cap and red shirt as he fled the scene. Officer Lillis pursued the suspect on foot but lost sight of him. Investigators found a semiautomatic pistol, red ball cap, red shirt, and a red bandana at the scene.

Defendant was sentenced to a minimum of sixteen months and a maximum of twenty months for the possession of a firearm by a felon charge, and received a minimum 220 months and maximum 273 months for the attempted first-degree murder and assault on a law enforcement officer with a firearm. Defendant appeals.

## II.  Issues

The issues are whether the trial court erred by: (1) making comments and questioning witnesses in violation of defendant's right to an impartial judge; (2) rejecting defendant's proposed stipulation that he had previously been convicted of a felony; (3) failing to submit lesser included offenses to the jury; (4) failing to dismiss the charge of attempted first-degree murder; (5) refusing to allow an expert witness to testify regarding mitigating factors; and (6) failing to find the existence of statutory mitigating factors.

## III.  Right to an Impartial Judge

### A.  Standard of Review

Defendant argues the trial court violated his right to an impartial judge by: (1) making demeaning and sarcastic remarks, and (2) calling and questioning witnesses.

"The law imposes on the trial judge the duty of absolute impartiality. The trial judge also has the duty to supervise and control a defendant's trial . . . to ensure fair and impartial justice for both parties." *State v. Flemming*, 350 N.C. 109, 126, 512 S.E.2d 720, 732, *cert. denied*, 528 U.S. 941, 145 L. Ed. 2d 274 (1999) (citations omitted). "It is fundamental to our system of justice that each and every person charged with a crime be afforded the opportunity to be tried 'before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.' " *State v. Larrimore*, 340 N.C. 119, 154, 456 S.E.2d 789, 808 (1995) (quoting *State v. Carter*, 233 N.C. 581, 583, 65 S.E.2d 9, 10 (1951)).

"In evaluating whether a judge's comments cross into the realm of impermissible opinion, a totality of the circumstances test is utilized. Unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless." *Id.* at 155, 456 S.E.2d at 808 (citations omitted). The trial judge's broad discretionary power to supervise and control the trial "will not be disturbed absent a manifest abuse of discretion." *State v. Goldman*, 311 N.C. 338, 350, 317 S.E.2d 361, 368 (1984).

STATE v. MACK

[161 N.C. App. 595 (2003)]

## B. Remarks by the Trial Judge to Defendant's Counsel

[1] Defendant assigns error to the trial judge's remarks made during cross-examination of a State's witness. "The judge's duty of impartiality extends to defense counsel. He should refrain from remarks which tend to belittle or humiliate counsel since a jury hearing such remarks may tend to disbelieve evidence adduced in defendant's behalf." *State v. Coleman*, 65 N.C. App. 23, 29, 308 S.E.2d 742, 746, *cert. denied*, 311 N.C. 404, 319 S.E.2d 275 (1983).

Defendant argues the following comments were sarcastic, demeaning, and violated his right to an impartial judge:

Q. [Witness], do you know Michael Lamont Mack?

A. Personally, no.

Q. Do you know—

THE COURT: When you talk to the jury start the morning off with your big boy voice.

MR. McCOPPIN: Thank you, Judge.

THE COURT: I have the same problem. I'm like this in the morning.

Here, the trial judge was attempting to ensure that the court, jurors, and opposing counsel heard counsel's questions and the testimony. Although the statement requesting counsel to use his "big boy voice" constitutes an inappropriate comment, we cannot conclude, under the "totality of the circumstances," that this statement had a "prejudicial effect on the result of the trial." *Larrimore*, 340 N.C. at 155, 456 S.E.2d at 808.

[2] Defendant also assigns error to the trial judge's comments regarding his counsel's repetitive questioning. Officer Lillis was recalled by the State. Defense counsel asked on cross-examination whether the officer could "visually identify" defendant as the person who shot at him. This fact had been established in prior questioning. The court stated, in front of the jury, "If you'd like to ask that 15 more times, you've already asked that about five times."

"The trial court has a duty to control the examination of witnesses, both for the purpose of conserving the trial court's time and for the purpose of protecting the witness from prolonged, needless, or abusive examination." *State v. White*, 340 N.C. 264, 299, 457 S.E.2d

841, 861, *cert. denied,* 516 U.S. 994, 133 L. Ed. 2d 436 (1995). Here, defense counsel's question was cumulative and repetitive on Officer Lillis's lack of visual identity of defendant on the night of the incident. The trial judge's comment to avoid repetition might have tended to "belittle" counsel, but the comment was calculated to prevent "needless examination." *Coleman,* 65 N.C. App. at 29, 308 S.E.2d at 746; *White,* 340 N.C. at 299, 457 S.E.2d at 861.

The transcript at bar reveals other incidents of inappropriate and sarcastic comments not assigned as error in this case. The trial judge at bar was recently censured by our Supreme Court for "conduct prejudicial to the administration of justice that brings the judicial office into disrepute" for derogatory comments during trial. *In re: Inquiry of Hill,* 357 N.C. 559, 564, 591 S.E.2d 859, 862 (2003). We expressly disapprove and remonstrate the trial judge's inappropriate comments and unprofessional demeanor displayed before the court, litigants, and jury in this criminal trial. Such behavior falls below the standard of professionalism expected of an officer of the court.

Defendant has not, however, met his heavy burden of proving the trial judge's remarks deprived him of a fair trial and caused a prejudicial effect on the outcome. *State v. Waters,* 87 N.C. App. 502, 504, 361 S.E.2d 416, 417 (1987). This assignment of error is overruled.

### C. Interrogation of Witnesses by the Court

**[3]** Defendant assigns as error the court's calling and questioning of witnesses. N.C. Gen. Stat. § 8C-1, Rule 614(b) (2003) provides that "[t]he court may interrogate witnesses, whether called by itself or by a party." "[T]he judge may question a witness in order to clarify confusing or contradictory testimony." *State v. Geddie,* 345 N.C. 73, 93, 478 S.E.2d 146, 156 (1996), *petition denied,* 522 U.S. 825, 139 L. Ed. 2d 43 (1997) (quoting *State v. Ramey,* 318 N.C. 457, 464, 349 S.E.2d 566, 571 (1986)). "When the trial judge questions a witness to clarify his testimony or to promote an understanding of the case, such questioning does not amount to an expression of the trial judge's opinion as to defendant's guilt or innocence." *State v. Davis,* 294 N.C. 397, 402, 241 S.E.2d 656, 659 (1978).

The court questioned a State's witness following defense counsel's attempt to discredit the witness's personal knowledge of the case.

MR. McCOPPIN: All that you know is what you have read from the document the prosecutor provided?

[THE WITNESS]: That's correct.

MR. McCOPPIN: If I may have just a moment.

THE COURT: Can we go back to the last question? Mr. McCoppin, you asked her: All you know is what is on the document the prosecutor provided you. Where did that document come from?

THE WITNESS: From the Clerk's Office. The document is a certified copy of what is on file in the Clerk's office.

THE COURT: Did it come from the prosecutor? Or from you, from the Clerk's office?

THE WITNESS: The original is in the Clerk's office. The certified copy was in the possession of the prosecutor. But it is a certified, true copy of the original, which is all filed in our office.

Defendant argues the court's questioning was intended to discredit the defense counsel and bolster the State's position.

Defendant also asserts the court erred by interposing a series of questions seeking to assist a witness in the description of the perpetrator. The State asked Officer Lillis to describe the perpetrator. Officer Lillis testified the person was about six feet tall, had on dark clothing, and wore a red bandana. The court then asked several questions:

THE COURT: Was it male, or female?

THE WITNESS: Male.

THE COURT: Could you tell what gender?

THE WITNESS: I could tell it was a male.

THE COURT: What race?

THE WITNESS: Black.

THE COURT: The person that was having this argument, had you ever met him before that you know of?

THE WITNESS: No.

Defendant contends the jury could have perceived this exchange as the trial judge assisting the State in proving its case.

Defendant also argues the court erred in calling and questioning a witness after the jury returned a guilty verdict and during the sentencing phase of the trial. Defense counsel called an expert witness who testified that, in his opinion, defendant was suffering from symptoms of schizophrenia when the incident occurred. After the State rested, the court recalled Officer Lillis to the stand and asked him:

BY THE COURT:

Q. During the entire incident in question did the defendant, while in your presence, including while running behind the house out of your sight, during any time that you were in the presence of the defendant that night did he at any time by his movements, his physical ability appear or mental appear [sic] to be impaired.

A. No, ma'am.

Defense counsel did not object or move to strike any of the questions asked or testimony given in each of these instances. See N.C.R. App. P. 10(b)(1) (2003) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion . . . .").

While unusual, the court did not abuse its discretion in questioning witnesses in front of the jury to clarify the evidence and testimony being presented. The court's questioning during the sentencing phase, when no jury was present, was also proper. See N.C. Gen. Stat. § 15A-1340.12 (2003) ("primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability . . . ."). These assignments of error are overruled.

## IV. Stipulation of Conviction

[4] Defendant contends the trial court committed plain error in rejecting defendant's proposed stipulation that he had previously been convicted of a felony. Since defendant was charged with possession of a firearm by a felon, the State was required to prove a prior felony conviction. Defendant offered to stipulate to the prior conviction to avoid putting this evidence before the jury. The court refused to give any special instructions and instructed the jury based on the

STATE v. MACK

[161 N.C. App. 595 (2003)]

Pattern Jury Instruction on possession of a firearm by a felon. Defendant then withdrew his stipulation. The Clerk of Court introduced evidence of a prior felony conviction. Defendant failed to object to or move to strike when this evidence was introduced and now argues plain error.

Defendant contends his attorney's failure to object constitutes ineffective assistance of counsel. Defendant has failed to provide any authority or support for this ineffective assistance of counsel claim. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." *State v. Walters*, 357 N.C. 68, 82-83, 588 S.E.2d 344, 353, *cert. denied*, —— U.S. ——, 157 L. Ed. 2d 320 (2003); N.C.R. App. P. 28(b)(6) (2003).

[5] "[I]n our review of the record for plain error, 'defendant is entitled to a new trial only if the error was so fundamental that, absent the error, the jury probably would have reached a different result.' " *Id.* at 85, 588 S.E.2d at 354 (quoting *State v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002)). Defendant has failed to include his request for a special instruction in the record on appeal. We cannot "assume or speculate that there was prejudicial error when none appears on the record before it." *State v. Moore*, 75 N.C. App. 543, 548, 331 S.E.2d 251, 255, *disc. rev. denied*, 315 N.C. 188, 337 S.E.2d 862 (1985). This assignment of error is dismissed.

## V. Lesser-Included Offenses

[6] Defendant contends the trial court committed plain error by failing to submit to the jury lesser-included offenses of attempted voluntary manslaughter, assault with a deadly weapon with intent to kill, and attempted second-degree murder. At trial, defendant failed to object to the proposed instruction regarding attempted murder and argues plain error.

Defendant was indicted for attempted first-degree murder, not assault with a deadly weapon with intent to kill. "Because assault with a deadly weapon with intent to kill requires proof of an element not required for attempted murder—use of a deadly weapon—it is not a lesser-included offense of attempted murder, and must be charged in a separate indictment." *State v. Coble*, 351 N.C. 448, 453, 527 S.E.2d 45, 49 (2000) (citation omitted). Since defendant was not charged with assault with a deadly weapon with intent to kill under a separate indictment, the trial court was not required to give a jury instruction on this offense.

Defendant's assignment of error regarding attempted second-degree murder was also addressed in *Coble*. "Because specific intent to kill is not an element of second-degree murder, the crime of attempted second-degree murder is a logical impossibility under North Carolina law." *Id.* at 451, 527 S.E.2d at 48. The trial court did not err by not giving an instruction on attempted second-degree murder.

"[T]o support an instruction on attempted voluntary manslaughter, a defendant must produce 'heat of passion' or 'provocation' evidence negating the elements of malice, premeditation, or deliberation." *State v. Rainey*, 154 N.C. App. 282, 290, 574 S.E.2d 25, 30, *disc. rev. denied*, 356 N.C. 621, 575 S.E.2d 520 (2002); *but see Coble*, 351 N.C. at 450, 527 S.E.2d at 47 ("[T]he crime of attempted murder, as recognized in this state, can be committed only when a person acts with the specific intent to commit first-degree murder."). Words or language do not constitute adequate provocation for taking human life. *State v. Watson*, 287 N.C. 147, 156, 214 S.E.2d 85, 91 (1975). Here, there was no assault or threatened assault on defendant prior to his firing of the weapon. Defendant has failed to show evidence of legal provocation.

Defendant has failed to show the court committed plain error by not instructing *ex mero motu* on attempted voluntary manslaughter, assault with a deadly weapon with intent to kill, and attempted second-degree murder. This assignment of error is overruled.

## VI. Motion to Dismiss

[7] Defendant argues the trial court erred in failing to dismiss the charge of attempted first-degree murder. In a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State and give the State every reasonable inference to be drawn from the facts and evidence presented. *State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

"Substantial evidence is defined as relevant evidence which a reasonable mind could accept as adequate to support a conclusion." *Lee*, 348 N.C. at 488, 501 S.E.2d at 343. "[T]he evidence need only give rise

to a reasonable inference of guilt for the case to be properly submitted to the jury." *State v. Barnett*, 141 N.C. App. 378, 383, 540 S.E.2d 423, 427 (2000), *aff'd*, 354 N.C. 350, 554 S.E.2d 644 (2001). "The elements of attempted first degree [sic] murder are: (1) a specific intent to kill another person unlawfully; (2) an overt act calculated to carry out that intent, going beyond mere preparation; (3) the existence of malice, premeditation, and deliberation accompanying the act; and (4) a failure to complete the intended killing." *State v. Poag*, 159 N.C. App. 312, 318, 583 S.E.2d 661, 666 (2003) (quoting *State v. Peoples*, 141 N.C. App. 115, 117, 539 S.E.2d 25, 28 (2000)).

Defendant contends the State presented no evidence of his premeditation and deliberation to kill Officer Lillis. We have held "[p]remeditation is present where the defendant formed a specific intent to kill the victim [over] [sic] some period of time, no matter how short, prior to perpetrating the actual act. Deliberation is acting [in] [sic] a cool state of blood and not under the influence of a violent passion." *State v. Andrews*, 154 N.C. App. 553, 561, 572 S.E.2d 798, 804 (2002) (citations omitted).

Premeditation and deliberation "are usually proven by circumstantial evidence because they are mental processes that are not readily susceptible to proof by direct evidence." *State v. Sierra*, 335 N.C. 753, 758, 440 S.E.2d 791, 794 (1994). Here, the State's evidence tended to show the complete absence of any provocation by Officer Lillis. At the time defendant fired the gun, Officer Lillis had not drawn his service weapon and had only called out defendant's name. Additionally, defendant fired multiple shots within a fairly close range, approximately fifty feet, towards Officer Lillis, which required separate pulls of the trigger. "[S]ome amount of time, however brief, for thought and deliberation must elapse between each pull of the trigger." *State v. Austin*, 320 N.C. 276, 295, 357 S.E.2d 641, 653, *cert. denied*, 484 U.S. 916, 98 L. Ed. 2d 224 (1987). Defendant's own statements also tended to show defendant's intent to kill. After being informed that the police had been called, he stated, "I ain't afraid of the police. When they get here I'll show you." The circumstantial evidence presented was sufficient to allow a reasonable juror to conclude that defendant acted with premeditation and deliberation. This assignment of error is overruled.

## VII. Mitigating Factors in Sentencing

[8] Defendant contends the trial court erred in refusing to allow an expert witness to testify regarding the existence of mitigating factors.

Defendant did not make an offer of proof for the excluded testimony. This assignment of error was not preserved for appellate review and is dismissed. *See State v. Williams*, 355 N.C. 501, 534, 565 S.E.2d 609, 629 (2002), *cert. denied*, 537 U.S. 1125, 154 L. Ed. 2d 808 (2003).

**[9]** Defendant also argues the trial court erred in failing to find the existence of statutory mitigating factors despite sufficient evidence presented to support the factors. "The court shall make findings of the aggravating and mitigating factors present in the offense only if, in its discretion, it departs from the presumptive range of sentences specified in G.S. 15A-1340.17(c)(2)." N.C. Gen. Stat. § 15A-1340.16(c) (2003). Defendant was sentenced in the presumptive range and concedes that this Court has rejected his argument in *State v. Streeter*, 146 N.C. App. 594, 553 S.E.2d 240 (2001). This assignment of error is dismissed.

## VIII.  Conclusion

We have carefully reviewed all of defendant's assignments of error. The trial judge's comments and actions complained of were inappropriate, and fell below the professionalism expected of an officer of the court. Plaintiff, however, has failed to show that but for such comments and conduct, under the "totality of the circumstances," the trial court's actions had a "prejudicial effect on the result at trial." *Larrimore*, 340 N.C. at 155, 456 S.E.2d at 808.

No prejudicial error.

Judges McCULLOUGH and BRYANT concur.