IN RE: INQUIRY CONCERNING A JUDGE, NOS. 02-114, 03-24, 03-32
EVELYN W. HILL, Respondent

No. 546A04

(Filed 4 March 2005)

**Judges— censure—unprofessional comments**

A superior court judge is censured by the Supreme Court for conduct prejudicial to the administration of justice that brings the judicial office into disrepute based upon her injudicious and unprofessional remarks during a probation revocation hearing, her suggestion to defense counsel during a criminal trial that he use his "big boy voice" when addressing the jury, and her questioning of a witness's description of a weapon during the criminal trial by asking the witness, "Was it a Bradley tank? . . . With you I'm just checking."

This matter is before the Court pursuant to N.C.G.S. § 7A-376 upon a recommendation by the Judicial Standards Commission entered 6 October 2004 that respondent Evelyn W. Hill, a Judge of the General Court of Justice, Superior Court Division, Tenth Judicial District of the State of North Carolina, be censured for conduct in violation of Canons 1, 2A, 3A(2), and 3A(3) of the North Carolina Code of Judicial Conduct and for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376. Calendered in the Supreme Court 7 February 2005 and considered on the record without oral argument or submission of briefs.

*No counsel for Judicial Standards Commission or respondent.*

ORDER OF CENSURE

In a letter dated 31 July 2002, the Judicial Standards Commission (Commission) notified Judge Evelyn W. Hill (respondent) that it had ordered a preliminary investigation to determine whether formal proceedings under Commission Rule 9 should be instituted against her. The subject matter of the investigation involved allegedly unprofessional comments made by respondent during a probation revocation hearing on 12 July 2001. A second letter was sent to respondent on 21 February 2003 notifying her of additional allegations under preliminary investigation, including: (1) in early March 2001, during a trial and in the presence of the jury, respondent commented to defense counsel that if he asked a particular question again, he would "prob-

**IN RE HILL**

[359 N.C. 308 (2005)]

ably see 13 collective people throwing up"; (2) in July 2002, during a trial and in the presence of the jury, respondent suggested that defense counsel use his "big boy voice" when addressing the jury, and she questioned a witness' description of a weapon, asking "[w]as it a Bradley tank? . . . With you I'm just checking"; and (3) in January 2001, during respondent's first trial as a judge and in the presence of the jury, respondent commented on an attorney's physical appearance and referred to the attorney as "Ally McBeal" several times. A third letter was sent to respondent on 8 May 2003 notifying her of another incident under preliminary investigation. That investigation concerned the allegation that on 14 January 2003, respondent pushed and yelled at an individual while riding in the elevator at the Wake County Courthouse.

On 13 May 2004, special counsel for the Commission filed a complaint alleging in pertinent part:

3. The respondent has engaged in conduct inappropriate to her judicial office on the following occasions:

a. The respondent, on January 14, 2003, while riding an elevator in the Wake County Courthouse, pushed and yelled at Alison P. Garrett, as Garrett entered, rode and exited the elevator.

b. During a probation revocation hearing on July 12, 2001, in *State v. Earl Terry*, Alamance County file number 00 CRS 51533, the respondent made injudicious and unprofessional remarks.

c. In the jury's presence during the trial of *State v. Tyrone Michael Brinkley*, Durham County file no. 99 CRS 064949, in early March of 2001, the respondent told defense counsel, Mark Simeon, that if he persisted in asking a particular question again, "you'll probably see 13 collective people throwing up."

d. In the jury's presence during the trial of *State v. Michael Lamont Mack*, Wake County file no. 99 CRS 77922, on July 10 and 11, 2002, the respondent suggested to defense counsel, Andrew McCoppin, that he use his "big boy voice" when addressing the jury. The respondent also questioned a witness' description of a weapon by asking the witness, "Was it a Bradley tank? . . . With you I'm just checking."

**IN RE HILL**

[359 N.C. 308 (2005)]

e. In the jury's presence during the trial of *State v. William McQuaig*, in Durham County in January 2001, the respondent[] commented on attorney Shannon Tucker's physical appearance and referred to her as "Ally McBeal" three (3) times.

4. The actions of the respondent on all of the occasions described in paragraphs 3.a., 3.b., 3.c., 3.d. and 3.e. above, constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute and are in violation of Canons 1, 2A, 3A(2) and 3A(3) of the North Carolina Code of Judicial Conduct.

On 16 July 2004, the Commission served respondent with a notice of formal hearing concerning the charges alleged. The Commission scheduled the hearing for 9 September 2004, at which time respondent waived a formal hearing and stipulated to conducting herself as alleged in paragraphs 3.b. and 3.d. of the complaint.[1] Respondent further stipulated that such conduct was prejudicial to the administration of justice such that it could bring the judicial office into disrepute, and that the conduct violated Canons 1, 2A, 3A(2), and 3A(3) of the Code of Judicial Conduct.

On 6 October 2004, the Commission issued its recommendation, concluding on the basis of clear and convincing evidence that respondent's conduct constituted:

1. conduct in violation of Canons 1, 2A, 3A(2) and 3A(3) of the North Carolina Code of Judicial Conduct; [and]

2. conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376.

The Commission recommended that this Court censure respondent. In reviewing the Commission's recommendations pursuant to N.C.G.S. §§ 7A-376 and 7A-377, this Court acts as a court of original jurisdiction, rather than in its usual capacity as an appellate court. *See In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). Moreover, the Commission's recommendations are not binding upon this Court. *In re Nowell*, 293 N.C. 235, 244, 237 S.E.2d 246, 252 (1977). We consider

---

1. The charges set forth in paragraphs 3.a., 3.c., and 3.e. of the complaint were dismissed.

**IN RE HILL**

[359 N.C. 308 (2005)]

the evidence and then exercise independent judgment as to whether this Court should censure, remove, or decline to do either. *Id.*

The quantum of proof in proceedings before the Commission is proof by clear and convincing evidence. *See id.* at 247, 237 S.E.2d at 254. Such proceedings are not meant "to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." *Id.* at 241, 237 S.E.2d at 250. After thoroughly examining the evidence presented to the Commission, and upon consideration of respondent's stipulation, we conclude the Commission's findings of fact are supported by clear and convincing evidence and adopt them as our own. *See In re Harrell,* 331 N.C. 105, 110, 414 S.E.2d 36, 38 (1992).

In light of the foregoing, we conclude that respondent's actions constitute conduct in violation of Canons 1, 2A, 3A(2) and 3A(3) of the North Carolina Code of Judicial Conduct. Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent, Judge Evelyn W. Hill, be and she is hereby, CENSURED for conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

By order of the Court in Conference, this the 3rd day of March, 2005.

Newby, J.
For the Court