STATE OF NORTH CAROLINA v. DOUGLAS SHANE WRIGHT

No. COA04-689

(Filed 16 August 2005)

**Judges— remarks to defense counsel—prejudicial negative atmosphere**

Defendant was awarded a new trial where the trial judge's numerous negative comments to the defense counsel, both in and out of the presence of the jury, created a negative atmosphere at the trial to the prejudice of defendant. It is fundamental to due process that every defendant be tried before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.

Judge TYSON concurring in part, dissenting in part.

Appeal by Defendant from judgments entered 20 October 2003 by Judge Evelyn W. Hill in Superior Court, Alamance County. Heard in the Court of Appeals 12 April 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.*

*Robert T. Newman, Sr., for defendant-appellant.*

WYNN, Judge.

"It is fundamental to due process that every defendant be tried 'before an impartial judge and an unprejudiced jury in an *atmosphere of judicial calm.*'" *State v. Brinkley*, 159 N.C. App. 446, 450, 583 S.E.2d 335, 338 (2003) (quoting *State v. Carter*, 233 N.C. 581, 583, 65 S.E.2d 9, 10 (1951)). In this case, the trial judge's numerous negative comments to the defense counsel, both in and out of the presence of the jury, created a negative atmosphere at the trial to the prejudice of Defendant. Accordingly, we must remand for a new trial.

Following his convictions on charges on two counts of taking indecent liberties with a child and sentence to two active consecutive aggravated sentences of twenty-six months to thirty-two months

imprisonment, Defendant brought this appeal contending that the trial court erred by: (1) denying his motion *in limine* to prohibit evidence of prior bad acts; (2) violating his constitutional and statutory rights to have a fair and non-prejudicial trial by the trial judge's conduct and statements towards defense counsel in the presence of the jury; and (3) aggravating his sentence beyond the presumptive maximum without submitting that issue to a jury.

As to the first issue, we summarily hold that the trial court did not abuse its discretion by allowing evidence of Defendant's prior bad acts. But regarding the second issue, we hold that the trial judge's conduct and statements at trial amounted to prejudicial error which we address in detail.

Defendant cites several incidents in which he argues the trial judge's extraneous comments to his counsel were improper and deprived him of a fair and impartial trial. The following took place in front of the jury:

Defense counsel: Okay.

Court:            Excuse me, what did you just say? Excuse me. I asked you a question. What did you just say?

Defense counsel: I said okay, Your Honor, under my breath.

Court:            Well, if it was under your breath, why was I able to hear it, and also the Court Reporter. I don't know what to do, Mr. Thompson. I have done everything I can possibly do, except end your cross examination. We're not moving along. Whatever you need to do, as I have now told you three times, whatever you need to do to help yourself not do that, do it.

When defense counsel began to formulate a question in front of the jury, the trial judge interrupted him, and the following conversation transpired:

Defense counsel: Yes, Your Honor.

Court:            This is the way a question would go. For example: Isn't it true that you asked her what clothes: Did you take off? What were you wearing on Friday? You are just reading the question, and it's a statement. And there's no question for the Sergeant to answer.

STATE v. WRIGHT

[172 N.C. App. 464 (2005)]

Defense counsel: I apologize, Your Honor. I thought the inflection.

Court: I don't think I asked you for any explanation. I don't think I desire to hear any. Just try and do it right and move along.

\* \* \*

Court: She's already indicated through her testimony. We're not going to beat a defunct equine. Okay. She's already testified that she did not call in any crime scene people whatever. So do you have another question you want to ask? Do you have any other questions?

Defense counsel: May I have one second?

Court: You've had your second.

The jury had been dismissed from the court room and the trial judge called for the jury to be escorted back in when this exchange took place, prior to the jury returning:

Defense counsel: May I be heard?

Court: Sit down, Mr. Thompson. I am tired of your cavalier attitude and your feeling that whatever you want to do in a courtroom is okay. It's not.

\*\*\*

Court: Madame Court Reporter, take the following please. Yesterday on numerous occasions, the Court had to ask Mr. Craig Thompson to stop saying okay at the end of every witness's answer. In spite of the court's admonition and request, he continued to do so. He continues to do so today. The Court finds that Mr. Thompson for the defendant has intentionally and purposely pretended ignorance at what the Court was telling him with a meanest look on face as if he didn't understand. I did not ask for a response from you, sir. Today the court sat here and did not once ask him to stop saying okay, although he continued to do it. Although he now continues to make faces while the

**STATE v. WRIGHT**

[172 N.C. App. 464 (2005)]

court's speaking. Sir, you're not going to speak. You can just sit back and stop using your body language to interrupt me. It is rude, discourteous, uncivil and contemptuous. You might do well to listen to what people say instead of planning your response.

\*\*\*

Court: There are several options open to the Court. The Court does not plan at this time to cite any of the attorneys for contempt, but the Court believes if the attorneys cannot comply with the rules of law and are going to continually act bemused, and confused as if they don't understand what it means, they subject themselves to that. If you don't know when you're saying okay at the end of a sentence, then learn to find out, because if a Judge tells you to stop doing it, you stop doing it. When I sat in that chair, if a judge told me to stop doing it, I stopped doing it. And you're no more above the law than anyone else, and you've been warned.

During direct examination of Ray Wright, a witness for Defendant, the following exchange ensued in the presence of the jury:

Court: No. What did you just say?

Defense counsel: I asked him if he recalled what day.

Court: What did you just say? I think that you.

Defense counsel: I said "okay," Your Honor. I apologize, Your Honor.

Court: Exactly. It's not my job to draw it to your attention, sir.

Defense counsel: Your Honor, I apologize for apparently an unfortunate speech habit that I've had for a number of years.

Court: Ladies and gentleman of the jury, please step to the jury room. Don't discuss . . .

STATE v. WRIGHT

[172 N.C. App. 464 (2005)]

The Jury exited the court room and Judge Hill stated:

Court: Madame Clerk, take the following, I mean Madame Court Reporter. I am 54 almost 55 years old. I have practiced law since 1979. I have practiced law for 21 years as a trial attorney in Superior Court before numerous Superior Court Judges including but not limited to James H. Pugh Bailey . . . to name just a few. I was taught as a trial attorney to show respect to the court and to follow the court's directions whether I agreed with them or not, whether I thought they were reasonable or not. When a Superior Court Judge for whatever reason points out to a litigant a certain behavior, whether it's clicking a pen, chewing gum, saying okay at the end of every witness's answer, my experience has been that I, as a litigant and the vast majority of the litigants with whom I practice law and have appeared before me, make some effort to comply with what the Court has asked. To make matters worse in this case, Mr. Thompson has by his facial expressions questioned whether he's even said the things that I've said he said, and has actually yesterday questioned that he did say them. At this point, I feel that there's no point in me even trying to communicate about this with Mr. Thompson, since he shrugs it off cavalierly as quote "an unfortunate speech habit." Therefore, he can't possibly be responsible for it. I asked yesterday, I asked again yesterday, I asked a third time yesterday, I asked again today and I have pointed it out today, and I even stopped at the end of question to ask him to see whether or not he realized what he was doing. But clearly Mr. Thompson's message to the Court is this is an unfortunate speech habit. Get over it, judge. So I'm not going to point it out again. I'm going to keep count. And at the end of trial, it will be a hundred dollar fine for each time you do it. And we can use the

Court Reporter's notes to go back and see if you did it. But I won't bother anymore to point it out. Bring the jury back in please.

Defense counsel: Judge, may I have, may I be heard briefly?

Court:          I'm sorry.

Defense counsel: May I be heard briefly?

Court:          No, sir.

A trial judge's unique position and duties in court commands respect and deference. " '[J]urors entertain great respect for [a judge's] opinion, and are easily influenced by any suggestion coming from him [or her]. As a consequence, he [or she] must abstain from conduct or language which tends to discredit or prejudice' any litigant in his [or her] courtroom." *Brinkley*, 159 N.C. App. at 447, 583 S.E.2d at 337 (ordered a new trial based on comments made by Judge Evelyn W. Hill in the Superior Court, Durham County that were inappropriate when the questioning was in the presence of the jury and could potentially prejudice the jury's view of the defendant and his counsel) (quoting *McNeill v. Durham County ABC Bd.*, 322 N.C. 425, 429, 368 S.E.2d 619, 622 (1988) (quoting *Carter*, 233 N.C. at 583, 65 S.E.2d at, 10)); *see also* N.C. Gen. Stat. § 15A-1222 (2003).

"It is fundamental to due process that every defendant be tried 'before an impartial judge and an unprejudiced jury in an *atmosphere of judicial calm.*' " *Brinkley*, 159 N.C. App. at 450, 583 S.E.2d at 338 (quoting *Carter*, 233 N.C. at 583, 65 S.E.2d at 10). "The judge's duty of impartiality extends to defense counsel. He [or she] should refrain from remarks which tend to belittle or humiliate counsel since a jury hearing such remarks may tend to disbelieve evidence adduced in defendant's behalf." *State v. Coleman*, 65 N.C. App. 23, 29, 308 S.E.2d 742, 746 (1983), *cert. denied*, 311 N.C. 404, 319 S.E.2d 275 (1984).

This Court has recognized that, " '[w]hether the accused was deprived of a fair trial by the challenged remarks [of the trial judge] must be determined by what was said and its probable effect upon the jury in light of all attendant circumstances, the burden of showing prejudice being upon the appellant.' " *State v. Faircloth*, 297 N.C. 388, 392, 255 S.E.2d 366, 369 (1979) (citation omitted).

In *Brinkley*, the trial judge made numerous comments to defense counsel regarding the counsel's repetitive questions. *Brinkley*, 159 N.C. App. at 449, 583 S.E.2d at 337. This Court found the most preju-

dicial comment made after the counsel's questioning regarding an inadmissible statement, the trial judge said, "You moved to admit it and the Court denied admitting it into evidence. Then you deliberately went and asked a question using the information from that, which is not only *improper, unethical, but also in flagrant violation of what the Court ruled. I'm at my wit's end.*" *Id.* at 450, 583 S.E.2d at 338. This Court found that "[w]hen all the incidents raised by defendant, particularly the three cited above, are viewed in light of their cumulative effect upon the jury, we are compelled to hold that the atmosphere of the trial was tainted by the trial judge's comments to the detriment of defendant." *Id.*

Like in *Brinkley*, the trial judge in this case made negative comments about the defense counsel by stating, "The Court finds that Mr. Thompson for the defendant has intentionally and purposely pretended ignorance at what the Court was telling him with a meanest look on face as if he didn't understand. . . . It is rude, discourteous, uncivil and contemptuous." Although not all of the trial judge's negative comments to defense counsel were made in the presence of the jury, they created a negative atmosphere at trial, which became apparent upon the questioning of an alternate juror after the jury went into deliberations.

THE COURT:    And I, you all paid rapt attention. I noticed that. I certainly do appreciate that.

ALTERNATE 2:    We were scared not to.

THE COURT:    That's good. Were you scared of me?

ALTERNATE 2:    Yes, Your Honor.

THE COURT:    Oh, that's good. I always want jurors to be scared.

*See Faircloth,* 297 N.C. at 392, 255 S.E.2d at 369 ("[W]hether the accused was deprived of a fair trial by the challenged remarks [of the court] must be determined by what was said and its probable effect upon the jury in light of all attendant circumstances[.]"). Apparently, the trial judge's remarks to the defense counsel had the effect of setting a tone of fear at the trial.

Moreover, the cumulative nature of the trial judge's inappropriate comments to the defense counsel regarding his speech pattern, along with the fine imposed for the counsel's use of the word "okay," tainted the atmosphere of the trial to the detriment of Defendant. *Brinkley,* 159 N.C. App. at 450, 583 S.E.2d at 338. The record shows that the

exchanges created an impermissibly chilling effect on the trial process and most likely affected defense counsel's ability to question the remaining witnesses, thereby prejudicing Defendant.

Every Defendant is entitled to a fair and impartial trial. *See State v. Miller*, 288 N.C. 582, 598, 220 S.E.2d 326, 337 (1975) ("The substantive and procedural due process requirements of the Fourteenth Amendment mandate that every person charged with a crime has an absolute right to a fair trial before an *impartial judge* and an unprejudiced jury." (emphasis added)). In this case, the trial judge's conduct and statements deprived Defendant of a fair and impartial trial; accordingly, we must remand for a new trial.

Since we grant Defendant a new trial, the trial court's error in sentencing Defendant in the aggravated range on factors not submitted to the jury should not arise again in light of *State v. Allen*, 359 N.C. 425, —, — S.E.2d — , — (2005) and *State v. Speight*, 359 N.C. 602, 606, — S.E.2d — , — (2005).

New trial.

Judge ELMORE concurs.

Judge TYSON concurs in part, dissents in part.

TYSON, Judge concurring in part, dissenting in part.

The majority's opinion holds the trial court did not err by denying defendant's motion *in limine* to prohibit evidence of defendant's prior bad acts. The majority further holds the trial court erred in aggravating defendant's sentence beyond the presumptive maximum without submitting that issue to the jury. I concur with the analysis and holding in the majority's opinion concerning defendant's motion *in limine* and the decision to remand for resentencing.

The majority's opinion further holds the trial court erred and violated defendant's constitutional and statutory rights to have a fair and non-prejudicial trial by the trial judge's conduct and statements toward defense counsel in the presence of the jury. I respectfully dissent from the majority's holding to award defendant a new trial.

I. Trial Court's Comments Before the Jury and During Trial

A trial judge's unique position and duties in court commands respect and deference. " '[J]urors entertain great respect for [a

STATE v. WRIGHT

[172 N.C. App. 464 (2005)]

judge's] opinion, and are easily influenced by any suggestion coming from him [or her]. As a consequence, he [or she] must abstain from conduct or language which tends to discredit or prejudice' any litigant in his [or her] courtroom." *State v. Brinkley*, 159 N.C. App. 446, 447, 583 S.E.2d 335, 337 (2003) (quoting *McNeill v. Durham County ABC Bd.*, 322 N.C. 425, 429, 368 S.E.2d 619, 622 (1988) (quoting *State v. Carter*, 233 N.C. 581, 583, 65 S.E.2d 9, 10 (1951)).

This Court has recognized that "not every improper remark made by the trial judge requires a new trial. When considering an improper remark in light of the circumstances under which it was made, the underlying result may manifest mere harmless error." *State v. Summerlin*, 98 N.C. App. 167, 174, 390 S.E.2d 358, 361 (citation omitted), *disc. rev. denied*, 327 N.C. 143, 394 S.E.2d 183 (1990). "Whether the accused was deprived of a fair trial by the challenged remarks [of the trial judge] must be determined by what was said and its probable effect upon the jury in light of all attendant circumstances, *the burden of showing prejudice being upon the appellant.*" *State v. Faircloth*, 297 N.C. 388, 392, 255 S.E.2d 366, 369 (1979) (emphasis supplied).

Defendant argues, and the majority's opinion agrees, the trial judge's comments belittled defense counsel before the jury and prejudiced defendant to warrant a new trial. All comments defendant contends were prejudicial were addressed solely to his counsel. None were directed at him.

We have instructed that "care should be taken to conduct such reprimands [of counsel] outside the presence of the jury to ensure the court does not prejudice the jury against defendant." *Brinkley*, 159 N.C. App. at 450, 583 S.E.2d at 338 (comments were made in the presence of the jury). As in previous cases,

> when all the incidents raised by defendant, particularly . . . [those done in the presence of the jury], are viewed in light of their cumulative effect upon the jury, we are compelled to hold that the atmosphere of the trial was tainted by the trial judge's comments to the detriment of defendant.

*Id.*

The majority's opinion awards defendant a new trial based on five cited comments by the presiding judge and a statement made by alternate juror number two. Unlike the cases cited in the majority's opinion, the record here shows the majority of the judge's comments were

*not* in the jury's presence. Comments made were in the presence of the jury may have been inappropriate, but defendant has failed to show the comments made were so prejudicial to justify awarding defendant a new trial.

Every defendant is entitled to "a fair trial before an impartial judge." *State v. Miller*, 288 N.C. 582, 598, 220 S.E.2d 326, 337 (1975). As in *State v. Mack*, defendant here failed to "met his heavy burden of proving the trial judge's remarks deprived him of a fair trial and caused a prejudicial effect on the outcome." 161 N.C. App. 595, 600, 589 S.E.2d 168, 172 (2003) (citing *State v. Waters*, 87 N.C. App. 502, 504, 361 S.E.2d 416, 417 (1987)).

The majority's opinion sets out a conversation between the trial judge and alternate juror number two as further grounds to grant defendant a new trial, quoting alternate juror number two as being "scared of the judge." Alternate juror number one also participated in that conversation. Alternate juror number one stated:

Alternate 1: I've never been scared.

Court: Well, you should be.

Alternate 1: Oh, really. I've enjoyed this. But I'm not frightened or anything. I've certainly enjoyed it.

Court: Really. That's good. We rarely hear anything positive . . . .

The majority's opinion cites *Faircloth* and considers their notion of the effect of the judge's comments on the jury and juror number two's answers to the judge's question as evidence of any alleged negative effect. The majority's opinion disregards alternate juror number one's comments and inordinately weighs alternate juror number two's response as the pulse of the jury. In *Faircloth*, the trial judge's prejudicial comments were made in the presence of the jury. 297 N.C. at 392, 255 S.E.2d at 369. The comments the majority holds to be prejudicial were not said in front of the jury.

Defendant has not met his heavy burden in proving any prejudicial effect of the comments. *Mack*, 161 N.C. App. at 600, 589 S.E.2d at 172 (holding the burden of showing prejudice is upon the appellant). A judge cannot know the "fear" or lack of fear jurors may hold. One alternate juror's opinion or alleged fears are insufficient to dictate a new trial.

**STATE v. WRIGHT**

[172 N.C. App. 464 (2005)]

Defendant was tried for two counts of statutory rape, two counts of indecent liberties with a minor, and two counts of statutory sex offense. The jury convicted defendant only on the lesser offenses of taking indecent liberties with a child. The jury's acquittal of defendant for the far more serious charges he faced is evidence the jury was not "scared" or in "fear" of the trial judge.

The majority's opinion further states the fine imposed for defense counsel's repeated use of the word "okay" tainted the atmosphere or the "judicial calm" of the trial. *Brinkley*, 159 N.C. App. at 450, 583 S.E.2d at 338. The conversation between the trial judge and defense counsel about this fine did *not* occur in the presence of the jury. Defense counsel was told at the close of the trial no fine would be imposed.

Since our holding in *Mack*, our Supreme Court, citing *Mack* and several other cases, has again censured this trial judge for inappropriate comments and conduct during trials. *In Re Hill*, 359 N.C. 308, 308, 609 S.E.2d 221, 221 (2005) ("we conclude that Judge Hill's actions constitute conduct in violation of Canons 1, 2A, 3A(2), and 3A(3) of the North Carolina Code of Judicial Conduct.").

A trial judge should avoid inappropriate and unprofessional renditions of personal opinions or experiences which are extraneous to the issues at trial and issue reprimands, if necessary, to parties or their counsel out of the jury's presence. *Brinkley*, 159 N.C. App. at 450, 583 S.E.2d at 338. Procedures are available to this Court, the Bar, and the public to challenge inappropriate judicial conduct and to recommend appropriate remedial measures. N.C. Gen. Stat. § 7A-376 (2003).

The trial court's comments in the presence of the jury may have been inappropriate, but defendant has failed to show these comments were prejudicial to warrant a new trial. *Mack*, 161 N.C. App. at 600, 589 S.E.2d at 172.

## II. Conclusion

I concur with the majority's opinion to: (1) affirm the trial court's denial of defendant's motion *in limine* as to a prior bad act; (2) vacate the aggravated sentence and remanding for a new sentencing hearing. *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005); *State v. Speight*, 359 N.C. 602, 614 S.E.2d 262 (2005).

Defendant has failed to show the trial court's comments to his counsel either in or out of the presence of the jury prejudiced his case

to warrant a new trial. *Summerlin*, 98 N.C. App. at 174, 390 S.E.2d at 361. Defendant has failed to meet his "heavy burden" to show a violation of his constitutional and statutory rights to have a fair and non-prejudicial trial. Any alleged error was harmless beyond reasonable doubt. I respectfully dissent from awarding defendant a new trial.