An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-256

Filed 18 June 2025

Guilford County, No. 23 CVD 520660

APRIL ROSE LONANO, Plaintiff,

v.

COTY MICHAEL MURPHY, Defendant.

Appeal by Plaintiff from order entered 3 November 2023 by Judge Angela Foster in Guilford County District Court. Heard in the Court of Appeals 25 September 2024.

> *The Law Offices of J. Scott Smith, PLLC, by Attorney Samuel Moore, for plaintiff-appellant*
>
> *Coty Michael Murphy, pro se, no brief filed for defendant-appellee.*

STADING, Judge.

April Rose LoNano ("Plaintiff"), appeals from an order denying the entry of a domestic violence protective order ("DVPO") against her then boyfriend, Coty Michael Muphy ("Defendant"). For the following reasons, we remand the trial court's order for entry of appropriate findings of fact.

## I.    Background

On 27 October 2023, Plaintiff filed a complaint and moved for a DVPO against Defendant.   In her complaint, Plaintiff referenced events stemming from "an emergency 50B" she received against Defendant in February 2023.   Plaintiff also alleged, on 19 July 2023, that Defendant threw a lighter at her face, grabbed her wrist, which drew blood and left a scar.   On this occasion, Plaintiff maintains her hand was broken while defending herself.   Plaintiff claimed she told Defendant not to contact her on 11 October 2023, but Defendant wrote her from jail "with scary overly-romanticized statements."   Plaintiff further stated Defendant contacted her again on 20 and 25 October 2025 with a "similar message" sent "through the jail texting app."

In her request for relief, among other things, Plaintiff sought a permanent DVPO directing Defendant not to: assault, threaten, abuse, follow harass or interfere with her; go to her residence; or contact her.   Plaintiff also requested an *ex parte* DVPO which was denied after a hearing on 27 October 2023.   The trial court scheduled a hearing on 3 November 2023 to determine whether to issue a permanent DVPO.

At the outset of the next hearing, the trial court asked Plaintiff's attorney, "do you wish to ask your client questions, or do you want me to go ahead with the preliminary matters?"  Her attorney responded, "I suppose you could go ahead."  The trial court asked Plaintiff to explain "what happened and when did it happen to cause

you to come to court and ask for a 50B Domestic Violence Protective Order." Plaintiff recounted, "the most recent physical assault was [on] 19 July [2023]," and since then, Defendant had continued to contact her. The trial court noted the complaint's filing date of 27 October 2023 and asked about the most recent incident prompting her request for a DVPO—the content of Defendant's message. Plaintiff responded: "Basically . . . that he wanted to stay together and that he's planning on coming back to live at my house, which I do not want him there."

The trial court asked Plaintiff, "[w]hat did [Defendant] say that constitutes domestic violence?" Plaintiff again referenced the earlier event when Defendant "gave [her] a black eye and broke [her] hand and scratched [her] wrist." Focusing on the recent allegation of domestic violence prompting her request, the trial court again asked Plaintiff, "[w]hat did [Defendant] say in that text message that constitutes domestic violence?" Plaintiff said: "Harassment is what the message is. . . . He's texted me multiple times. I've repeatedly told him to stop." Pressed again for the message's content, Plaintiff stated, "the same things, overly romanticized messages, insisting on coming to live back at my house." Plaintiff continued, "[Defendant] is violent. He has . . . been abusing me for years."

Once more, the trial court focused questioning on the recent allegation of domestic violence. Plaintiff responded Defendant has a pending court date and the trial court explained, "I do not utilize what's transpiring in a criminal courtroom to make the burden in this courtroom." Plaintiff repeated her desire for the DVPO,

stating, "I need protection to keep him away from me and my house and my belongings and my family." The trial court asked Plaintiff's attorney if he wished to be heard. Plaintiff's attorney neither requested a direct-examination of his client, nor offered to admit any other evidence. Rather, he proceeded to argue the trial court should grant Plaintiff's request for a permanent DVPO.

The trial court concluded Plaintiff did not qualify for a DVPO. The same day of the hearing, the trial court entered its order on form AOC-CV-306. That order did not contain written findings of fact, but did conclude as a matter of law that Plaintiff "has failed to prove grounds of issuance of a domestic violence protective order." The trial court thereby dismissed Plaintiff's action. Plaintiff entered her written notice of appeal on 15 November 2023.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(2)(2023) ("From any final judgment of a district court in a civil action.").

## III. Analysis

Plaintiff raises two issues for our consideration: (1) whether the trial court erred by dismissing Plaintiff's action without competent evidence; and (2) whether the trial court abused its discretion "by conducting the 50B hearing in such a way as to deny Plaintiff an adequate opportunity to be heard." After careful review of the trial court's order, we remand for the trial court to make findings of fact.

## A. Competent Evidence

Plaintiff first argues there was not competent evidence to support the trial court's findings of fact and therefore its conclusions of law were not proper in light of those findings.

Since the trial court has not entered written findings of fact in its order, we are presently unable to evaluate Plaintiff's contention. *See Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (citation omitted) ("In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence.").

## B. Conduction of the Hearing

Plaintiff next argues the trial court "abused its discretion in conducting the hearing by refusing to hear anything beyond the most recent incident of alleged domestic violence." She further claims the trial court abused its discretion "by asking Plaintiff direct questions as if she were *pro se*, not allowing Plaintiff's counsel to be heard on the merits of the case, not allowing Plaintiff's counsel to call and examine witnesses, not allowing Plaintiff's counsel to present exhibits or other physical evidence."

At this juncture, without the trial court's findings of fact, we are unable to assess Plaintiff's claim that the trial court "abused its discretion in conducting the hearing by refusing to hear anything beyond the most recent incident of alleged domestic violence." *Id.* But the trial court did not exceed its authority by questioning

Plaintiff.  *See* N.C. Gen. Stat. § 8C-1, R. 614 (2023) *("*The court may interrogate witnesses, whether called by itself or by a party."); *see also State v. Mack*, 161 N.C. App. 595, 598, 589 S.E.2d 168, 171 (2003) (citation omitted) ("The trial judge's broad discretionary power to supervise and control the trial 'will not be disturbed absent a manifest abuse of discretion.'").  And when considering Plaintiff's other contentions, the record shows her attorney was heard on the merits of the case.  Furthermore, the record shows that the trial court did not prohibit Plaintiff or her attorney from acting on the other alleged shortcomings.

## C.  Written Findings

Finally, we address the sufficiency of the trial court's order dismissing Plaintiff's complaint for a DVPO.

When considering a motion for a DVPO "under Chapter 50B . . . Rule 52(a)(1) of the North Carolina rules of Civil Procedure requires the trial court to make findings of fact, as well as separately state its conclusions of law based on those findings of fact." *D.C. v. D.C.*, 279 N.C. App. 371, 372, 865 S.E.2d 889, 889 (2021).

> It is not enough that there may be evidence in the record sufficient to support findings which *could have been made*. The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine de novo the weight and credibility to be given to evidence disclosed by the record on appeal.

*Coble,* 300 N.C. at 712–13, 268 S.E.2d at 189 (1980) (citations omitted).

As was done here, it is customary for a trial court to use form AOC-CV-306 when entering a written disposition in civil domestic violence court. The order contains conclusion of law #5 on the form, which states Plaintiff "has failed to prove grounds for issuance of a domestic violence protective order," and thereby concludes "this action is dismissed . . . ." However, the order does not include any findings of fact. *See Stancill v. Stancill*, 241 N.C. App. 529, 534–35, 773 S.E.2d 890, 894 ("After receiving evidence, the trial court must make findings of fact and conclusions of law . . . ."); *see also D.C.*, 279 N.C. App. at 372, 865 S.E.2d at 889. We therefore remand the order for the entry of appropriate findings of fact.

## IV.    Conclusion

For the above reasons, we remand the trial court's order for it to enter findings of fact consistent with the record evidence.

REMANDED.

Judges ARROWOOD and CARPENTER concur.

Report per Rule 30(e).